## LAMONT *v.* HOTEL MEN'S MUT. BEN. ASS'N.

*(Circuit Court, N. D. Illinois.* May 16, 1887.)

LIFE INSURANCE—ASSIGNMENT—INSURABLE INTEREST—MUTUAL BENEFIT SOCIETY.

Where, under the articles of association and by-laws of a mutual benefit society, the benefits are payable to the person designated by the member in his application for membership, or by his last will and testament, it is competent for such member by his own act, and with the consent of the company, at any time before his death, without the formalities of a will, to make a transfer of the benefit from the original beneficiary named to any other person he may select, whether the person so selected has or has not an insurable interest in his life.[1]

In Equity.

*W. C. Asay* and *Charles Ogden,* for Lamont.

*John Baldwin* and *Bates, Broughman & Tuttle,* for Graft.

BLODGETT, J. This is a suit in equity to recover the sum of $2,000 upon a benefit certificate issued by the defendant to one John P. Hulett. The defendant company is a corporation organized and existing under an act of the state of Illinois entitled "An act concerning corporations," approved April 18, 1872, and by one of the articles of the association it is provided as follows:

"Upon positive proof of the death of any member, the board of directors shall order an appropriation equal to two dollars for each member then on the rolls of the association, unless the same shall exceed 1,000 members, in which case the amount appropriated shall be limited to the sum of $2,000, and shall pay the same to the person or persons previously designated by the deceased upon his application for membership as shown by the books of the association, or as ordered by his last will and testament."

The proof shows that Hulett became a member of this association on February 3, 1883, and up to the time of his death, which occurred August 11, 1885, he remained a member in good standing. In his application for membership he designated his daughter, Mary A. Lamont, as his beneficiary. On the sixteenth day of August, 1884, he designated Emily R. Graft as his beneficiary in the place of Mary A. Lamont; and this change was accepted and approved by the board of directors of the association, and from that time forward the name of Emily R. Graft as the beneficiary of this member was carried on the books of the association. The complainant insists that the change was void and inoperative; that she acquired a vested right to the benefit by virtue of Hulett's original benefit certificate; and that the assignment and transfer of the benefit to Mrs. Graft was wholly inoperative and void.

Without taking time to discuss the large number of cases cited by each party in this case, it is sufficient to say that there is probably a conflict

---

[1] As to the rights of an assignee of an insurance policy, when the assignee has no insurable interest in the life of the insured, see Ruth v. Katterman, (Pa.) 3 Atl. Rep. 835, and note.

of authorities upon the question of transferring this class of benefits in voluntary benevolent associations; but inasmuch as, under the articles of association and by-laws of this defendant, the benefits are payable to the person designated by the member in his application for membership, or by his last will and testament, it seems very clear to me that it was competent for Hulett, by his own act, at any time before his death, without the formality of a will, to make a transfer of this benefit from the original beneficiary named to any other person he might select, without regard to whether the person had or had not an insurable interest in his life; and in this case, the transfer having been made by Hulett before his death, and accepted by the company, and carried upon their books from that time forward, it seems to me the transfer became operative, and the court must therefore enforce it. As Mrs. Lamont, the first beneficiary named, paid nothing, I do not see how she can be said to have acquired any vested interest in the benefit fund pertaining to Hulett's membership which would prevent Hulett, at any time before his death, from changing the beneficiary with the consent of the defendant. A decree will therefore be entered dismissing the complainant's bill for want of equity, and directing the payment by the principal defendant of the benefit fund to Emily R. Graft.