[No. 13251.   Department Two. — December 30, 1890.]

## JENNIE BOWMAN, Appellant, *v.* S. T. MOORE ET AL., Executors, etc., Respondents.

Mutual Benefit Association — Insurance of Life — Change of Beneficiary. — Where a certificate of membership in a mutual benefit association, purporting to be an insurance on the holder's life, payable after his death to his wife as beneficiary, provides that the member may, in writing filed with the association, substitute some other beneficiary, the sending of a letter to and filing it with the association by the holder of the certificate, requesting that the beneficiary be changed to the executors named in his will, and an indorsement upon the certificate, signed by the secretary, changing and substituting the beneficiary, is a substitution in writing of another beneficiary, in accordance with the provisions of the certificate.

Id. — Change in Writing — Act of Secretary — Agency. — It is not necessary, to effect a change of the beneficiary, that the change should be wholly in the handwriting of the member; but it may be done through the agency and handwriting of the secretary, provided it was done by the authority of the member, and for him.

Id. — Substitution of Executors as Beneficiaries — Will — Devise. — The substitution of the executors of the member as his beneficiaries, and the insertion in his will of a direction to them to apply the proceeds in payment of his debts, is not an attempt to devise by will the policy or its proceeds.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*D. W. Herrington,* for Appellant.

The provisions made in certificate No. 893 for "Jennie Bowman, wife," is a trust. (Bacon on Benefit Societies, sec. 292; Perry on Trusts, 2d ed., sec. 687.) The trust could not be revoked or defeated in the mode adopted by the trustor. The power reserved in the declaration of trust was not strictly pursued, as by law is required. (Civ. Code, sec. 2280; Bacon on Benefit Societies, sec. 291; *Duvall* v. *Goodson,* 79 Ky. 228; *Washington Endowment Ass'n* v. *Wood,* 4 Mackey, 10; 1 Perry on Trusts, 2d ed., secs. 259, 260, p. 328.) The power reserved gave no authority to delegate the nomination to another than the member, though both instruments had been filed. (*Wendt* v. *Iowa Legion of Honor,* 72 Iowa, 682.) The mode provided in the declaration of trust to change the beneficiary named in the certificate is the measure of the power to effect the change. (Civ. Code, sec. 2280; *Wendt* v. *Iowa Legion of Honor,* 72 Iowa, 682; *Knights of Honor* v. *Nairn,* 60 Mich. 44; Bacon on Benefit Societies, sec. 241; *Worley* v. *N. W. Mas. Aid Ass'n,* 10 Fed. Rep. 227; *Stephenson* v. *Stephenson,* 64 Iowa, 534; *Coleman* v. *Knights of Honor,* 18 Mo. App. 189; *Olmstead* v. *Masonic Mutual Benefit Soc.,* 37 Kan. 93.) The power reserved to make the change was in the nature of a personal trust, and could not be delegated to another to make it for him. (Bacon on Benefit Societies, sec. 237, p. 337; *Bloomer* v. *Waldron,* 3 Hill, 365; 1 Perry on Trusts, secs. 287, 408.) To constitute a valid execution of the power of substitution (or revocation) reserved, the acts for the purpose must have been of the species required by the certificate 893. (*Bloomer* v. *Waldron,* 3 Hill, 365; 15 N. Y. Com. L. Rep. 618;

Bacon on Benefit Societies, sec. 239, p. 341; *Daniels* v. *Pratt,* 143 Mass. 216: *Haslen* v. *Kean,* N. C. Term. Rep. 279; 7 Am. Dec. 720.)

*J. H. Campbell,* for Respondents.

Policies payable to the wife or legal representatives of the assured, or to the assured, his executors or administrators, are within the control of the assured, and with the consent of the insurer the policy may be surrendered, and a new one taken out payable to another person. (*Johnson* v. *Van Epps,* 13 Ins. L. J. 887.) A policy made payable to the "legal representatives" of the insured is assets of the estate subject to the payment of debts. (*People* v. *Phelps,* 78 Ill. 147.) It is needless to consider whether the defendants hold this money as trustees, and the term "executors" is merely descriptive, or hold it as the executors of the will of Joseph Bowman. If the substitution was effective, they are entitled to hold the money as against the claim of the plaintiff. (See *In re Griest's Estate,* 76 Cal. 497; *Knights of Honor* v. *Watson,* 64 N. H. 517.)

THORNTON, J. — Joseph Bowman became on the thirteenth day of June, 1885, a member of the California Life and Accident Association, a corporation and mutual benefit association, and there was issued to him a certificate of membership therein numbered 893. This certificate purported to be an insurance on his life for five thousand dollars, payable after his death to the plaintiff, Jennie Bowman, his wife, "unless," as provided in the certificate, "said member shall in writing filed with this association substitute some other beneficiary, in which case said amount shall be paid to said substituted beneficiary."

On June 4, 1886, Joseph Bowman executed his last will, naming therein the defendants as executors thereof. In this will he inserted the following provision: "Thirdly,

I direct that my executors hereinafter named shall, as soon after my death as possible, collect the amount due on a certain policy issued by the California Life and Accident Association, said policy numbered 893, made payable to Jennie Bowman, bearing date June 13 (thirteenth), 1885, said policy to be transferred for the purposes hereinafter expressed, viz., in full payment of all my debts owing at the time of my death, or in part payment of the same if my debts exceed the amount of said policy, to wit, five thousand dollars."

After the execution of his will, Joseph Bowman filed with the secretary of the association this writing:—

"GILROY, June 4, 1886.

"Secretary Cal. Life and Acc't Ass'n, San Francisco.

"Dear Sir, — Inclosed herewith, I hand you my certificate of insurance in your company. Please do favor to change the beneficiary from the name now embraced in the said certificate to the executors named in my will, which bears even date herewith, viz., June 4, 1886, and for the purposes therein expressed. Thus oblige,

"JOSEPH BOWMAN.

"Return policy to George T. Dunlap, Gilroy, Cal."

Indorsed on this direction on file in said secretary's office are the following words and figures: "Change made June 9, 1886," and upon the certificate of membership, partly in print and partly in writing, is endorsed the following: —

"The beneficiary under this certificate of membership, pursuant to the rules of this association, is hereby changed from Jennie Bowman, wife of the person named in the within certificate, to the executors named in his will, which bears date of June 4, 1886, or their legal representatives, said change being made at the written request of Joseph Bowman, dated Gilroy, June 4, 1886.

"W. H. PETTIS, Secretary.

"San Francisco, June 9, 1886."

Joseph Bowman died at the county of Santa Clara on the 29th of August, 1886, leaving the plaintiff his widow.

After Bowman's death, his will was duly admitted to probate, and the defendants, S. T. Moore and Theodore Bowman, were regularly appointed and qualified as executors thereof, on the 9th of October, 1886, and they have since administered on the estate of their testator.

In due time the money due on the certificate, to the amount of two thousand dollars, was paid by the association on the joint receipt of the plaintiff and defendants, the defendants signing the receipt as executors. The joint receipt was demanded by the association before it would pay. This money passed into the hands of defendants, who claimed the same as the substituted beneficiary in virtue of the written direction of a change of beneficiary made by their testator, Joseph Bowman. This payment was indorsed on the certificate No. 893.

Subsequently the plaintiff notified in writing the executors of Joseph Bowman that she would not accept the terms of the will of her deceased husband, and demanded of them the payment to her of the two thousand dollars above mentioned, claiming to be the beneficiary of the policy on which the money was paid to them. This demand was refused, and plaintiff brought this action against the defendants to recover the money paid them. The court rendered judgment in favor of defendants. Plaintiff prosecutes this appeal.

The above are the facts found by the court below, on which this appeal is to be determined.

The contention is here made on behalf of plaintiff that the judgment is not sustained by the findings of fact, and that judgment should be entered in her favor.

It is argued that the provision made in certificate No. 893 for " Jennie Bowman, wife," is a trust, subject to be defeated under the power reserved in these words: " Unless said member (Joseph Bowman) shall *in writing filed* with said association substitute some other beneficiary,

in which case said amount shall be paid to said substituted beneficiary."

Let it be conceded that by the provisions contained in the certificate or policy a trust was created for the benefit of the wife, still, the trust, as is conceded, can be defeated by substituting another beneficiary. Jennie Bowman's right was contingent. If the change was regularly done, the right of the first-named beneficiary is at an end. Was the substitution here made in accordance with the provisions of the certificate? That is the question to be determined.

Joseph Bowman was authorized, by the terms of the certificate, as above stated, to substitute another beneficiary by writing filed with the association. This, in our judgment, he did do. The writing to that effect was communicated to and filed with the association. The intention to substitute is so clear on the face of the paper that we see no room for construction. That must be considered as done which it was the intention of the assured to do. The form in which the substitution is made is immaterial. It would be a strained construction to hold that the assured did not intend to substitute another beneficiary instead of the one first named. The request to the secretary was to make the substitution desired by the assured appear on the books of the association. Nor was the consent of the wife (plaintiff in this action) necessary to the making of the substitution. It was a part of the contract, as entered into in the beginning, that the assured, of his own free, unrestrained will, might at any time make the substitution he desired. The wife, though named as beneficiary, could not in any way control the will of the assured. Whatever rights she had under the certificate, she could not in any way restrain or control her husband, the assured, in making the subsequent substitution.

Nor do we see any reason why the assured could not

name his executors as beneficiaries. This is not an attempt to devise by will the policy or the proceeds. This, it may be conceded, he could not do. But designating in the requisite mode his executors as beneficiaries was within his power. The beneficiary is but the recipient of the policy or its proceeds; and why the assured could not make his executors or administrators, or his children or his daughters, beneficiaries, without naming them, we cannot perceive. No one is injured by it. There is no rule or policy of law forbidding it. It is not contrary to good morals. The association is not called on to pay until after the death of the assured. Then the persons named as executors would become known. At any rate, the association could not be called on to pay the amount due on the policy until the executors made themselves known to it.

Further, we do not see why the assured could not make the secretary of the association the medium through which the writing might be made changing and substituting the beneficiary. All that was done was done in the lifetime of the member. The change was to be made in writing, and filed with the association. It was not requisite that the writing should be actually made by the assured member in his own proper handwriting. It could be made in the handwriting of another, provided it was done by his authority, and for him. This was done through the agency of the secretary. We see no reason why this is not a compliance with the member's contract made in the beginning with the association. In substance and in fact the change was made in writing, and filed as required.

The views above expressed are in accordance with sound legal principles. The contentions on behalf of plaintiff are not so sustained. To uphold them would be to put form above substance, and unsubstantial technicalities above substantial legal rules.

We find no error in the record.

Judgment affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.