SUPREME ASSEMBLY, ROYAL SOC. OF GOOD FELLOWS, v. ADAMS
et al.

(Circuit Court, D. Rhode Island.    April 3, 1901.)

No. 2,530.

1. ASSESSMENT INSURANCE—BENEFICIARIES—RIGHT TO DESIGNATE SISTER NOT
DEPENDENT ON ASSURED FOR SUPPORT.

The charter of an assessment insurance company declares that its object is to promote benevolence and charity by establishing a widows' and orphans' benefit fund, from which on the death of a member a sum not exceeding a specified amount shall "be paid to his family, or as he

may direct." The society's laws relating to the surrender and reissue of certificates declare that a member in good standing may surrender his certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries dependent on him, or to any person or persons on whom he may be dependent, as he may direct, etc. Another clause of the same section provides that on his furnishing proof that the certificate is beyond his control, and on payment of a specified fee, a new certificate may issue, "payable to such relative or dependent" as he may direct. Elsewhere the laws provide that each member shall enter on his application the name or names and relationship of the members of his family, relatives, or the names of those dependent on him, to whom he desires his benefits paid, etc. *Held* to authorize a member to designate as beneficiary a sister not actually dependent on him for support.

2. SAME—DESIGNATION AS BENEFICIARY—RELATIONSHIP AS CONSIDERATION—VALIDITY.
The relationship existing between a member of an assessment insurance company and his sister constitutes, in law, a good and valid consideration for his designation of her as beneficiary.

In Equity.

N. W. Littlefield, for complainant.
William R. Tillinghast, for respondent Kate J. Adams.
W. F. Barry and J. F. Murphy, for respondent Annie F. Adams.

BROWN, District Judge. This case is now before the court to determine which of the interpleaded defendants is entitled to the benefit fund of $3,000 upon the life of William C. Adams, deceased, heretofore paid into the registry of the court. The beneficiary named in the certificate is Kate J. Adams, sister of the deceased. Annie F. Adams, his widow, contests the right of the beneficiary named in the certificate, contending that by the charter and by-laws of the complainant society she is the only person entitled to the fund, and that the designation of the sister as beneficiary is void for the lack of insurable interest. There are also allegations of undue influence, which, however, are not urged upon the brief, and which are not supported by the evidence.

The charter of the complainant provides:

"The objects of the corporation shall be * * * to promote benevolence and charity by establishing a widows' and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the corporation who has complied with its lawful requirements, a sum not exceeding six thousand dollars shall be paid to his family, or as he may direct."

There would seem to be no doubt that the language of the charter is broad enough to authorize the appointment of a sister as beneficiary. Gentry v. Supreme Lodge (C. C.) 23 Fed. 718.

It is contended that this language of the charter is limited by the constitution and laws of the society, and that by Law 10, § 3, relating to the surrender and reissue of certificates, it appears that the beneficiaries are limited to persons dependent upon the member, or to persons upon whom the member may be dependent; the language being:

"A member may at any time when in good standing surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries dependent upon him, or to any person or persons upon whom he may then be dependent, as such member may direct," etc.

This language, however, must be construed in connection with the following clause of section 3:

"If the certificate is beyond the control of the member, upon furnishing proof thereof satisfactory to the premier and supreme secretary, and the payment of a fee of one dollar, a new certificate may be issued, payable to such relative or dependent as the member may direct."

Reading section 3 as a whole, it appears that a "relative or dependent" may be the beneficiary. It also appears clearly from section 2 of law 10 that a relative may be designated:

"Sec. 2. Each member shall enter upon his application the name or names and relationship of the members of his family, relatives, or the name of those dependent upon him, to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction."

I am of the opinion that these provisions authorize a member to designate as beneficiary a sister not actually dependent upon him for support. As the relationship was such as to constitute in law a good and valid consideration for a gift or grant, and as the certificate partakes of the nature or stands in the place of a testamentary gift, there appear to be no considerations of public policy which invalidate the designation of a sister as a beneficiary. In Insurance Co. v. France, 94 U. S. 561, 24 L. Ed. 287, it was said:

"The relationship of the parties was such as to devest the assignment of the policy or the direction of its payment to his sister of all semblance to a wagering transaction. * * * He had a right to take out a policy on his own life for his sister's benefit. She had a right to advance him the necessary means to do so. As between strangers or persons not thus nearly connected, such a transaction would be evidence to go to the jury, on which, according to the circumstances of the case, they might or might not infer that it was mere gambling; but as between brother and sister, or other near relations desirous of thus providing for each other, and, as said by Chief Justice Shaw, presumed to be actuated by 'considerations of strong morals and the force of natural affection between near kindred, operating more efficaciously than those of positive law' (Loomis v. Insurance Co., 6 Gray, 399), the case is devested of that gambling aspect which is presented where there is nothing but a speculative interest in the death of another, without any interest in his life to counterbalance. On this ground, we hold that where, as in this case, a brother takes out a policy on his own life for the benefit of his sister, it is totally immaterial what arrangement they choose to make between them about the payment of the premiums. The policy is not a wagering policy. It is devested of those dangerous tendencies which render such policies contrary to good morals."

See, also, Insurance Co. v. Schaefer, 94 U. S. 460, 24 L. Ed. 251; Cronin v. Insurance Co., 20 R. I. 570, 40 Atl. 497; Robinson v. Association (C. C.) 68 Fed. 825; Ingersoll v. Knights of Golden Rule (C. C.) 47 Fed. 272, 274; Lamont v. Association (C. C.) 30 Fed. 817; 3 Am. & Eng. Enc. Law (2d Ed.) 959.

I am of the opinion that the beneficiary, Kate J. Adams, is clearly entitled to the fund, and a decree may be presented accordingly.