GRAND LODGE OF A. O. U. W. OF MAINE.

*vs.*

FOREST L. MARTIN AND GEORGIE A. PENNEY.

Penobscot.     Opinion December 23, 1919.

*Rule as to the By-Laws of an Insurance Association becoming a part of the contract of insurance. Necessity of complying with By-Laws relative to changing of beneficiary in insurance policy. Revocation of beneficiary. Purpose of having same made in the manner required by the By-Laws.*

The By-Laws of the plaintiff corporation provide that assignments of its benefici-ary certificates shall be executed before, and attested by a local lodge Recorder or under certain circumstances a notary or court officer.

George A. Martin, Jr. holding such a certificate payable to his daughter signed an assignment of same to his brother, not however in the presence of any such Recorder or officer, and sent it to the local Recorder.

The latter signed the attestation clause but deferred sending it to the Grand Lodge until he could see the assured, verify his signature and obtain his assent.

The following morning before the assent could be obtained George A. Martin, Jr. died.

The pending process is brought to determine whether the amount of the certificate which has been paid into court belongs to the daughter or the brother.

The decree of the sitting Justice holds that the attempted substitution was ineffectual. From this decree the brother appeals to this court.

*Held that:—*

The By-Laws of the corporation read themselves into and become a part of its contracts of insurance.

A provision contained in a beneficiary certificate prescribing that a substitution must be made in the presence of a designated official is a material and substantial requirement, without conformity to which, or waiver by the member during his lifetime, no substitution can be legally effected.

The requirement that a revocation shall be executed in the presence of an official is not solely for the benefit of the society nor for that of the beneficiary. One of its objects, and perhaps its primary object is to guard against the frustration of the member's purpose.

The member has the unqualified right to change the beneficiary. He also has the right to determine how, when he can no longer speak, the fact of the change shall be ascertained and verified.

Counsel further contends that when the local Recorder signed the attestation clause in the revocation, he waived the requirement of the member's personal presence.

But it does not appear that the local Recorder was authorized to waive any rights.

Moreover the signing by the Recorder was tentative. Whether his signature was to stand as an attestation depended on the result of his intended interview with the member.

It is also claimed that a waiver results from the act of the plaintiff in paying the money into court. It is true the plaintiff has thus waived rights of its own but it has not and cannot waive rights of other interested parties.

Bill of interpleader. Defendants each filed answer. From the decision of the sitting Justice, an appeal was entered by Forest L. Martin, one of defendants. Judgment in accordance with opinion.

Case stated in opinion.

*W. H. Waterhouse, and Morse & Cook*, for Forest L. Martin.

*Walton & Walton*, for Georgie A. Penney.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, WILSON, DEASY, JJ.

DEASY J.   Bill of interpleader.   The sum of two thousand dollars being the amount of a beneficiary certificate issued by the complainant corporation to George A. Martin, Jr., deceased has been paid into the Clerk of Courts for the County of Penobscot to be disposed of under direction of court.

Georgie A. Penney, daughter, and Forest L. Martin brother of the deceased each claims the fund, the former as original, the latter as substituted beneficiary.

George A. Martin, Jr. on Feb. 26, 1917, the day before his death, signed a formal instrument purporting to substitute the name of his brother for that of his daughter as beneficiary.

The question to be determined is whether such substitution was legally effectual.

The By-Laws of the corporation read themselves into and become a part of its contracts of insurance.

*Grand Lodge* v. *Edwards,* 111 Maine, 361; *Grand Lodge* v. *Connor,* 116 Maine, 224; *Shuman* v. *A. O. U. W.,* (Iowa), 82 N. W., 331; *Grand Lodge* v. *Connolly,* 58 N. J., Eq., 183; *Lahey* v. *Lahey,* 174 N. Y., 152.

The provision of the plaintiff's by-laws relating to change of beneficiaries is as follows:—

"Sect. 10.   A member may, at any time, when in good standing, revoke his directions as to the payment of his Beneficiary Certificate, and a new Beneficiary Certificate shall thereafter be issued, payable to such beneficiary or beneficiaries as such member may direct in accordance with these Laws, upon the payment of a fee of fifty cents. Said revocation and direction must be made in the form prescribed, signed by the member in presence of and attested by the Recorder of his Lodge, and accompanied by the required certificate of the Subordinate Lodge, under its seal, shall be forwarded with the Beneficiary certificate to the Grand Recorder.   If it is impracticable to have said revocation and direction signed in the presence and attested by the Recorder, attestation may be made by a notary public or an officer of a court of record, with his official seal attached.   When such revocation, direction and certificate, made in accordance with these Laws, shall have been received by the Grand Recorder, any previous direction in regard to the payment of the benefit shall thereby be rendered null and void."

The reservation and direction in the pending case was not signed in the presence of the Recorder nor in the presence of a notary or court officer.

It was signed by George A. Martin, Jr. and in his absence delivered to the Recorder who signed the attestation clause. The latter did not then forward the revocation to the Grand Lodge, but kept it intending to see the insured who was ill at a hospital in Bangor, ascertain if the signature was his voluntary act and obtain his assent thereto. His assent was not obtained. Before the Recorder reached the hospital the following morning George A. Martin, Jr. had died.

When the corporation by the voluntary direction of the assured has actually changed the beneficiary by the issuance of a new certificate in lieu of the original, such substitution is valid and effectual though the formalities provided by the by-laws have not been observed.

*Delaney* v. *Delaney*, (Ill.), 51 N. E., 966; *Bowman* v. *Moore*, (Cal.), 25 Pac.,409; *Simcoke* v. *Grand Lodge* (Iowa), 51 N. W., 9; *Lamont* v. *Hotel Asso.*, 30 Fed., 817; *Faubel* v. *Eckhart*, (Wis.), 138 N. W., 615.

Several courts have also decided that a substitution is valid and effectual though not completed by the issuance of a new certificate, if the assured has done everything in his power to effectuate it, and nothing remains to be done but some ministerial act on the part of the society.

*Holden* v. *Modern Brotherhood*, (Iowa), 132 N. W., 332; *Sanborn* v. *Black*, 67 N. H., 538; *Eatman* v. *Eatman*, (Tex.), 135 S. W., 165; *Luhrs* v. *Luhrs*, 123 N. Y., 367.

A substitution may be effectual where complete conformity by the assured to the prescribed method has been prevented by the fraudulent act of the beneficiary.

*Lahey* v. *Lahey*, 174 N. Y., 146; *Marsh* v. *American Legion*, 149 Mass., 512; *Supreme Conclave* v. *Cappella*, 41 Fed., 1.

But none of these authorities are applicable to the facts in the pending case. The substitution was not complete. No new certificate had been issued. A condition remained unperformed which the contract required the assured to perform. It required that he execute his revocation in the presence of the specified officer. This he failed to do. The completion of the substitution may have been prevented

or interrupted by the illness of the member, but not by the fault of the society or the fraud of the beneficiary.

The attorney for Forest L. Martin contends that the requirement of the by-laws that the revocation and direction must be in the presence of the Recorder is solely for the benefit of the corporation, and that failure to conform to it is not available to any other party. While there are cases sustaining this contention the preponderance of authority and the better reasoning is to the contrary.

A provision contained in a beneficiary certificate prescribing that a substitution must be made in the presence of a designated official is a material and substantial requirement, without conformity to which, or waiver by the member during his lifetime, no substitution can be legally effected.

*Abbott* v. *United Order of Pilgrim Fathers,* 190 Mass., 67; *Mutual Aid So.* v. *Lupold,* 101 Pa. St., 118; *Grand Lodge* v. *Connolly,* 58 N. J. Eq., 180.

The requirement that a revocation shall be executed in the presence of an official is not solely for the benefit of the society nor for that of the beneficiary. One of its objects, and perhaps its primary object is to guard against the frustration of the member's purpose.

The member has the unqualified right to change the beneficiary. He also has the right to determine how, when he can no longer speak, the fact of the change shall be ascertained and verified.

Counsel further contends that when the local Recorder signed the attestation clause in the revocation, he waived the requirement of the member's personal presence.

But it does not appear that the local Recorder was authorized to waive any rights.

*Dean* v. *Dean* (Wis.), 156 N. W., 136; *Grand Lodge* v. *Connolly* 58 N. J. Eq. 183.

Moreover the signing by the Recorder was tentative. Whether his signature was to stand as an attestation depended on the result of his intended interview with the member.

It is also claimed that a waiver results from the act of the plaintiff in paying the money into court. It is true the plaintiff has thus waived rights of its own but it has not and cannot waive rights of other interested parties.

*A. O. U. W.* v. *Connor,* 116 Maine, 229.

The decree of the sitting Justice holds that the attempted substitution of Forest L. Martin for Georgie A. Penney as beneficiary was ineffectual. From this decree Forest L. Martin has appealed. The entry must be,

> *Appeal dismissed.*
> *Decree affirmed.*