PORTUGUESE BENEFICIAL ASSOCIATION *vs.* BERNARDINA
XAVIER *et al.*

NOVEMBER 20, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an appeal from a decree of the superior court by the respondent, Mariano Xavier, in a bill of interpleader brought by the complainant to determine the right to a fund of five hundred dollars payable by the complainant on the death of one Manuel Xavier. The case was

heard on bill, answers and proof. At the conclusion of the testimony, the trial justice found in favor of the respondent Bernardina Xavier.

It appears from the evidence that the complainant is a mutual benefit association that pays a death benefit of $500 to the designated beneficiary of a deceased member, provided such beneficiary falls within a limited class, which includes the father or "relatives of the family" of the deceased. Manuel Xavier joined the complainant association in 1922. At that time he received a death benefit certificate in which he named his father, the respondent Mariano Xavier, as the beneficiary. On August 1, 1933, expecting death, he made a will and left the sum payable by the complainant upon his death to the respondent Bernardina Xavier, his cousin, to whom he was engaged and with whose family he had been living during a protracted illness. Immediately after making this will, Manuel sent for the president and secretary of the complainant association, and, when they came in answer to this call, he directed them to change the beneficiary in the certificate from his father, Mariano Xavier, to his cousin, Bernardina Xavier. These directions were followed and within an hour, a duly executed certificate of the complainant association, dated August 1, 1933, and naming Bernardina Xavier as beneficiary, was delivered to him. Manuel died August 12, 1933, the father, Mariano Xavier, then surviving. The certificate which named Bernardina Xavier as the beneficiary was found among his papers after his death.

Mariano Xavier, the father, was not a witness at the hearing in the superior court as he was then living with a son in St. Michael, Azore Islands. The original certificate of 1922, which named him as Manuel's beneficiary, was not produced nor its whereabouts explained, and it was not surrendered to or cancelled by the complainant association. Marcel C. Da Mello, who was secretary when the new certificate was

issued, upon being asked what position the association would take if both certificates were presented for payment, answered: "The last one signed would be the valid one." The parties agree that the complainant is liable under only one of the two certificates.

Counsel for the respondent Mariano Xavier contends that the new certificate, which names Bernardina Xavier as the beneficiary, is of no effect as it was not issued by the association in conformity with the provisions of art. X, secs. 4 and 5, and art. XI, secs. 4, 5 and 6 of the constitution, which is really a set of by-laws and hereafter will be so denominated by us. Sections 4 and 5 of article X, entitled "Rights of Members", read as follows: Sec. 4. "To change the beneficiary or beneficiaries to the mortuary bonus"; sec 5. "To ask for authorization for change of beneficiary or beneficiaries to the mortuary bonus."

In article XI, secs. 4, 5 and 6, provision is made for the mortuary bonus fund, the payment thereof to the person named in the certificate and the limitation of the class from which the beneficiary may be selected. We have scanned the by-laws and can find no provision that specifies in what manner the "authorization", referred to in art. X, sec. 5, is to be asked for or by whom it is to be granted. In the face of this situation, counsel for Mariano Xavier urges upon us that the "authorization" mentioned in that section must be secured in accordance with the custom of the association. He then argues that the custom of the association, as shown by the testimony, was that a request from a member for a change of beneficiary must be made to the association and that such a request, when so made, must be submitted to and voted on at a meeting of the members.

In view of this contention, we have examined the testimony on this point with the following result. There is no real evidence of any custom between 1922, when the deceased joined the association, and 1926. During the years

1926 and 1927 there is some testimony from the then secretary that a request for a change of beneficiary was usually brought to the attention of the members at a meeting of the association and the change recorded, sometimes with and at other times without a vote. From 1928 to 1932 there is no testimony either way. The president and secretary, who were in office between 1932 and 1934, testified that in those years the practice was for them to issue a new certificate whenever a member desired to change his beneficiary without any further action on the part of the association. It is well to recall at this point that the certificate in favor of Bernardina Xavier was issued on August 1, 1933, while these officers were in office. Since 1934 a written application by a member who desires to change his beneficiary has been sufficient to authorize the president and secretary to issue a new certificate in compliance with the member's request without further proceedings.

Throughout all these years art. X, secs. 4 and 5 of the by-laws have remained unchanged. The testimony utterly fails to establish any custom in reference to a change of beneficiary. A custom which will enter into and affect the rights and liabilities of persons in their dealings with each other must be definite, uniform, well known and generally acquiesced in so that the party sought to be charged thereby may be presumed to have had knowledge of and acted in reference to it. *Magyar* v. *Pennsylvania R. Co.*, 294 Pa. 585; *Manzke* v. *Goldenberg*, 149 Mo. App. 12. In *Wilcox* v. *Wood*, 9 Wend. 346, at page 349, the court defined custom as "a law established by long usage."

The evidence before us does not show any definite, uniform and continuous course of conduct acquiesced in by the members of the association in the matter of a change of beneficiary to establish a custom with the force of a by-law, nor is it even sufficient to serve as an interpretation by the parties of art. X, sec. 5. Rather do we find from the testimony that the association had no fixed policy in respect to a change

of beneficiary and that such a change was effected at various times in any manner that the successive administrations might countenance. The evidence clearly establishes that the new certificate, which names Bernardína Xavier as the beneficiary, was issued according to the practice that prevailed in the association at the time of its issue.

The respondent Mariano Xavier further contends that where a by-law or, as in this case, a custom which had acquired the force of a by-law is exclusive upon the subject, so that either the by-law or the custom is a part of the contract between the association and its members, a change of beneficiary can be effected only by complying with such by-law or custom; and that the association, by filing a bill of interpleader, cannot thereby waive the rights of interested parties, even though it may waive rights of its own which it might have asserted if it had not elected to proceed by interpleader. In support of this contention he cites a number of cases, among which are *Modern Woodmen of America* v. *Headle,* 88 Vt. 37; *Fink* v. *Fink,* 171 N. Y. 616 and *Grand Lodge, A. O. U. W. of Maine* v. *Martin & Penney,* 118 Me. 409. The respondent Bernardina Xavier, on the other hand, argues that, as between claimants, the bringing of a bill of interpleader constitutes a waiver of the right to insist that the change of beneficiary shall be effected only in substantial conformity with the terms of the contract between the association and its members. She so interprets the decisions of this court in *John Hancock Mutual Life Ins. Co.* v. *White,* 20 R. I. 457; *John Hancock Mutual Life Ins. Co.* v. *Bedford,* 36 R. I. 116; *State Mutual Life Assurance Co.* v. *Bessett,* 41 R. I. 54. We express no opinion as to the correctness of this interpretation.

Both parties are mistaken in discussing the effect of a bill of interpleader as a waiver of required conditions for the simple reason that under the facts in this case the question of waiver is not an issue. It is unnecessary for us to consider

the authorities submitted by either party, and much less to determine whether the decisions of this court cited by the respondent Bernardina Xavier are in accord, distinguishable from or in conflict with the authorities from other jurisdictions. The new certificate, naming Bernardina Xavier as the beneficiary, was issued in conformity with the practice in respect to a change of beneficiary that the association was following at the time of issue. This constituted a sufficient "authorization" by the association itself to fully satisfy the provision of art. X, sec. 5 of the by-laws. There can be no question of waiver under these circumstances.

For the reasons stated, our conclusion is that the respondent Bernardina Xavier is the beneficiary of Manuel Xavier, and as such is entitled to the fund in issue in this case.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Tillinghast, Morrissey & Flynn,* for complainant.

*Joseph H. Coen, George Triedman,* for respondent Mariano Xavier.

*Joseph A. Hammill,* for respondent Bernardina Xavier.