CAPITAL FINANCE CORPORATION, RESPONDENT, *v.* METROPOLITAN LIFE INSURANCE Co., APPELLANT.

(No. 5,846.)

(Submitted February 10, 1926. Decided February 23, 1926.)

[243 Pac. 1061.]

*Life Insurance — Assignment of Policy — Nonobservance of Policy Requirement—Validity of Assignment.*

Life Insurance—Policy of Foreign Corporation Governed by Laws of State.
1. A contract of life insurance made in this state between one of its residents and a foreign company is governed by the laws of this state.

Same—Provisions of Policy must not Contravene Law or Public Policy.
2. Insurance companies may put into their policies any provisions and conditions they choose and they will be given their appropriate and intended effect, provided they are such as not to be in contravention of law and public policy.

Same—Assignment—Validity Determined by Law of Place of Assignment.
3. The validity of an assignment must be determined by the law of the place of assignment.

Same—Assignment not Made on Blanks Furnished by Company as Required by Policy Valid.
4. A life insurance policy provided that an assignment thereof should be binding upon the company only if executed upon blanks furnished by it. The holder of it assigned it but not upon one

---

1. Law governing insurance contract, see notes in 19 **Ann. Cas.** 30; **Ann. Cas.** 1913B, 925; **Ann. Cas.** 1918D, 1159; **Ann. Cas.** 1918E, 602. See, also, 14 **R. C. L.** 892.

3. Law governing assignment of insurance policy, see note in **Ann. Cas.** 1913B, 925. See, also, 14 **R. C. L.** 997.

4. Assignment of policies of life insurance, see note in 87 **Am. St. Rep.** 484.

of such blanks, and the company refused to recognize it. *Held,* that the most defendant could contend for was a substantial compliance with its forms, and that the assignment was valid though not made upon one of its blanks.

[1] Insurance, 32 C. J., sec. 7, p. 977, n. 46.
[2] Insurance, 32 C. J., sec. 175, p. 1092, n. 73, 74; sec. 258, p. 1148, n. 39; sec. 259, p. 1148, n. 47, p. 1149, n. 49.
[3] Assignment, 5 C. J., sec. 111, p. 941, n. 21.
[4] Life Insurance, 37 C. J., sec. 129, p. 425, n. 13.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by the Capital Finance Corporation against the Metropolitan Life Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Kremer, Sanders & Kremer,* for Appellant.

Respondent maintains that since the assignment is valid under the laws of the state of Montana, it has complied with the provisions of the policy. Appellant maintains that since the assignment is not upon blanks furnished by the company and filed with the company at its home office in the city of New York, nor in accordance with the terms of the blank form furnished by the company, the assignment is not binding upon it, and that the plaintiff and respondent, as assignee of the insured, Herman Krogman, has not complied with the terms and conditions of its contract of insurance and appellant is not bound by said assignment. (25 Cyc. 770; *McQuillan* v. *Mutual Reserve Fund Life Assn.,* 112 Wis. 665, 88 Am. St. Rep. 986, 56 L. R. A. 233, 87 N. W. 1069, 88 N. W. 925.)

While the cases interpreting the method of assignment of policies as collateral are very few, there are innumerable decisions to the effect that in order to accomplish a change of beneficiary there must be a strict compliance with the terms and conditions of the policy. If such is the established law regarding the change in ownership of the fruits of the contract,

it is not unreasonable to apply this law regarding the manner of effecting the change of beneficiary and the manner of effecting the change under assignment to protect the creditor where the policy is assigned as collateral security. The courts of nearly every state have ruled that to accomplish the change of beneficiary there must be a strict compliance with the terms of the policy. (*Knights of Maccabees* v. *Sackett,* 34 Mont. 357–364, 115 Am. St. Rep. 532, 86 Pac. 423; *Barboza* v. *Conselho,* 43 Cal. App. 775, 185 Pac. 1028; *Hurd* v. *Penn Mutual,* 106 Kan. 45, 186 Pac. 998; *Masonic Mutual Assn.* v. *Jones,* 154 Pa. 107, 26 Atl. 255.)

It has been held in the following cases that there is an analogy between an assignment of a policy and a change of beneficiary. Therefore the law applicable to the former should be applicable to the latter. (*Merchants' Bank* v. *Garrard,* 158 Ga. 867, 124 S. E. 715; *Atlantic Mutual Life Ins.* v. *Gannon,* 179 Mass. 291, 60 N. E. 933; *Mutual Life* v. *Twyman,* 122 Ky. 513, 92 S. W. 335; *Martin* v. *Stubbings,* 126 Ill. 387, 9 Am. St. Rep. 620, 18 N. E. 657; *Mente* v. *Townsend,* 68 Ark. 391, 59 S. W. 41; *Hotel-Men's Mut. Ben. Assn.* v. *Brown,* 33 Fed. 11.)

We submit that it was incumbent upon respondent to establish at the trial of this cause a strict compliance with the terms of the policy sued upon to effect an assignment thereof binding upon the appellant company.

*Mr. Timothy Nolan,* for Respondent.

Joyce on Insurance, section 316: "A policy of life insurance may be assigned, and the assignee by such assignment may maintain an action on the policy * * * " This text is supported by *New York Life Ins. Co.* v. *Flack,* 3 Md. 341, 56 Am. Dec. 742, and see note to case, particularly on page 750, "Manner and modes of assignment." An assignee of a policy, who holds it as security for debt, can collect the amount thereof when due, as he holds the legal title subject only to

the assignee's claim for the excess above the debt.   (*Bridge* v. *Connecticut Mut. Life Ins. Co.,* 167 Cal. 774, 141 Pac. 375.)

The assignment of a life policy, like that of any other property, has the effect of transferring to the assignee whatever interest the assignor may have had therein.   (*Gilman* v. *Curtis,* 66 Cal. 116, 117, 4 Pac. 1094.)

MR. CHIEF. JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought by the plaintiff, Capital Finance Corporation, to recover of the defendant, Metropolitan Life Insurance Company, the cash surrender value of an insurance policy issued by the defendant to Herman Krogman in favor of Krogman's wife.   The policy was executed March 20, 1919, and at the time of the assignment had a cash surrender value of $83.

On February 21, 1924, the plaintiff loaned to Mr. and .Mrs. Krogman $50, evidenced by a promissory note executed by them on that day, and to secure the payment of which they executed a writing whereby they assigned to plaintiff all their rights in and to the policy.   Duplicate of the writing, called the assignment, was sent immediately to the defendant's home office in the city of New York.   After some correspondence the defendant pronounced the assignment ''not acceptable'' and refused to recognize it.   Upon maturity of the note the Krogmans failed to pay it.   The plaintiff then foreclosed its pledge. There being no other bidder plaintiff purchased the policy at the sale, and thereafter demanded from defendant the surrender value thereof.   The defendant refused to pay, and the plaintiff brought this suit.   The court rendered judgment for the plaintiff, and the defendant appealed.

The single question presented is whether the assignment, not being upon blanks furnished by the defendant, is valid.   Its sufficiency under the laws of Montana is not questioned.

A provision of the policy reads: ''4. *Assignment:* No assignment of this policy shall be binding upon the company unless

it be executed upon blanks furnished by the company and filed with the company at its home office in the city of New York. The company assumes no responsibility as to the validity of any assignment.''

A letter addressed to the defendant's agent in Butte, emanating from the Pacific Coast head office of the defendant in San Francisco, was introduced in evidence. The writer, speaking for the defendant, made reference to the assignment in question here and eight others. In the letter he said, among other things: ''We have delayed final decision on same until we could communicate with our legal department in the home office, and are but just now in position to inform you that the purported assignments as submitted are not acceptable.''

Commenting upon the form of the Krogman assignment, the writer says: ''You will observe by comparing it with our own printed form the absence of the very valuable and important words 'for value received.' These words have a marked legal significance, and any conveyance that lacks them is imperfect.'' This sage pronouncement will be of interest to Montana lawyers. The writer then goes on to say that ''we are accepting assignments every day that are not on our forms, but they are legally drawn.''

Any attempt to render a contract of this nature unassignable would be futile in view of the provisions of section 8160, Revised Codes of 1921: ''A policy of insurance upon life, health, or freedom from accident may pass by transfer, will, or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered.'' This section is in harmony with section 7414, Revised Codes of 1921, which declares that a right arising out of an obligation is the property of the person to whom it is due.

The contract between Krogman and the defendant, made in [1–3] this state, is governed by the laws of this state. (Sec. 7537, Rev. Codes 1921; 14 R. C. L. 997.) The principle that the parties may put into insurance contracts such provisions and

conditions as they choose, provided such are not in contravention of law and public policy, and that the same will be given their appropriate and intended effect (14 Cal. Jur. 416; 14 R. C. L. 929, 930), will, of course, be conceded. That insurance companies may not insert in their policies provisions restricting the operation of section 8160 must also be conceded. It is a general rule that the validity of an assignment must be determined by the law of the place of assignment. (Cooley's Briefs on the Law of Insurance, 1079.)

As to what extent an insurance company may prescribe [4] reasonable conditions concerning the assignment of a policy we need not now inquire. Certainly conditions will not be permitted which will serve to nullify the provisions of section 8160, or which will tend to render that section inoperative. The conditions imposed, whatever they may be, will be interpreted in accordance with section 7534, Revised Codes of 1921: A contract must receive such an. interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect.

An examination of the authorities submitted in the exhaustive brief of defendant's counsel does not disclose a case which discusses an assignment like the one here. "No assignment of this policy shall be binding upon the company unless it be executed upon blanks furnished by the company." Must we adhere to the exact wording of that provision? If so, an assignment in the exact words employed by defendant in its blanks—including those very valuable and important words, "for value received"—but written upon paper different in quality or size, or written or printed in type of different size and color, would not suffice. An affirmative answer would be absurd. Upon any view we may take of the case, the most the defendant could contend for would be a substantial compliance with its forms. And as the defendant's spokesman says "we are accepting assignments every day that are not on our forms," the defendant must realize that it has not the right to insist

"absolutely and in all events" that an assignment to be valid must be upon blanks furnished by the company.

The trial court's judgment is correct, and it is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.