[S. F. No. 1484.  Department One.—March 18, 1899.]

SUPREME COUNCIL AMERICAN LEGION OF HONOR, Plaintiff, v. ALBRECHT GEHRENBECK et al., Defendants and Respondents, and JACOB KORNAHRENS, as Administrator, et cetera, Defendant and Appellant.

Mutual Benefit Association—Death of Beneficiary—Expectancy—Rights of Heirs—By-law.—The beneficiary named in a certificate issued to a member of a mutual benefit association, prior to the death of such member, has no interest or property therein to which the heirs of the beneficiary can succeed, but has only a "mere expectancy of an incompleted gift," which is revocable at

the will of the insured, and cannot ripen into a right until his death. Upon the death of the beneficiary prior to that of the insured, the expectancy dies with the beneficiary; and if no other beneficiary is selected by the insured, his heirs will become the beneficiaries, if the by-law so provides, to the exclusion of the heirs of the deceased beneficiary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion.

B. McFadden, for Appellant.

Loewy & Gutsch, for Respondents.

GRAY, C.—The plaintiff, a mutual benefit association, issued a beneficiary certificate to one of its members or companions named Gehrenbeck, and his wife Margaretha was named therein as the beneficiary. The wife died some months prior to the death of Gehrenbeck, but no other beneficiary had been named by Gehrenbeck at the time of his death. The administrator of the deceased wife's estate claims that the three thousand dollars due on the certificate became a part of her estate on the death of her husband; and the children of the deceased husband by a former wife claim that it should go to them under a by-law of the plaintiff. The contest is between the defendants, they having interpleaded, and the plaintiff having paid the money into court. The children of the deceased husband had judgment, and the administrator of the deceased wife's estate appeals.

The beneficiary named in the certificate had no interest or property therein that her heirs could succeed to. Her interest was "a mere expectancy of an incompleted gift." It was revocable at the will of the insured, and could not ripen into a right until his death. (*Hoeft v. Supreme Lodge K. of H.*, 113 Cal. 91; *Jory v. Supreme Council A. L. H.*, 105 Cal. 20; 45 Am. St. Rep. 17; *Hellenberg v. Dist. No. 1, I. O. of B. B.*, 94 N. Y. 580.) Her right under the certificate was not unlike that of an heir apparent, and that "is not to be deemed an interest of any kind." (Civ. Code, sec. 700.) The beneficiary having died before any right had become vested in her, this mere expectancy died with her, so there was nothing left for her heirs to succeed to. The by-laws of plaintiff provide as follows:

"128. In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws, the benefit shall be paid to the widow. If none, then to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit, it shall revert to the benefit fund."

Under this by-law the children and heirs of the deceased Gehrenbeck are the beneficiaries of the certificate and entitled to the money paid into court. These views of the case dispose of the other objections urged by appellant.

For these reasons I advise that the judgment be affirmed.

Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.                Garoutte, J., Harrison, J., Van Dyke, J.