[Civ. No. 478.   Second Appellate District.—May 29, 1908.]

CARRIE M. WARING, Known as CARRIE M. WILCOX, Appellant, v. INEZ C. WILCOX, and M. H. WILCOX, Respondents.

LIFE INSURANCE—RIGHT OF INSURER TO CHANGE BENEFICIARY—INTEREST OF BENEFICIARY—EXPECTANCY OF INCOMPLETED GIFT.—Where a policy of life insurance reserves to the insured the right to change the beneficiary, upon written request therefor, the interest of a designated beneficiary prior to the death of the insured is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.

ID. — SUBSTITUTION OF MISTRESS FOR MOTHER. — Where, under such power of substitution of beneficiary, a change was made upon the written request of the insured from his mother as beneficiary, to "Carrie M. Wilcox, Wife," and the custody of the policy was given to the appellant, who was then known as "Carrie M. Wilcox," though not in fact the wife of the insured, but then living with him as his mistress, there being no doubt of his intention to designate her as the beneficiary, and the policy was held by her at his death, she is entitled to its proceeds as against the mother, whose expectancy had been revoked.

ID.—DELIVERY OF POLICY TO MOTHER—INTENTION OF INSURED.—The fact that the policy had been originally delivered to the mother as beneficiary, and that she had surrendered its possession under the belief that the new beneficiary was actually the wife of her son, is of no importance in determining the intention of the insured in substituting the appellant as the beneficiary of the policy.

ID.—FALSE REPRESENTATION OF INSURED AS TO MARITAL RELATIONS—INTERPLEADER.—The false representation made by the insured to his mother and to the insurance company that the substituted beneficiary was his wife cannot affect the rights of the appellant as against the mother in an action of interpleader in which the insurance company is not contesting the right of either party.

ID.—VESTING OF GIFT—ILLEGALITY OF CONTRACT NOT SHOWN.—The substitution having been lawfully effected, where nothing appears in the record to indicate that the change of the beneficiary was induced or procured through any promise to continue illicit relations, the actual continuance thereof until death would not make void a gift by the insured, the right to which became vested at his death.

ID.—FINDING AGAINST EVIDENCE.—*Held*, that a finding that the insured did not request in writing the change of the beneficiary to the appellant is against the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

F. W. Allender, Clara A. Allender, and Warren L. Williams, for Appellant.

Murphey & Schmidt, for Respondents.

ALLEN, P. J.—Appeal by plaintiff from a judgment of the superior court of Los Angeles county and from an order denying a new trial.

It is made to appear by the record that each of the parties plaintiff and defendant originally instituted actions against the Pacific Mutual Life Insurance Company, successor to the Conservative Life Insurance Company, upon a certain policy of insurance theretofore issued by said insurer upon the life of Jesse Manley Wilcox; that thereafter, by order of court made pursuant to a stipulation, these actions were consolidated, and the insurance company deposited in court the amount of the policy, and, by appropriate pleadings, the rights of the plaintiffs and defendants to such fund were set out and litigated in such consolidated action.

Upon the trial it was found by the court that the policy of insurance was executed and delivered to Jesse Manley Wilcox on the twenty-sixth day of June, 1905; that the defendant Inez C. Wilcox, mother, was named therein as the beneficiary but that the policy contained a clause conferring upon Jesse Manley Wilcox the right to change the beneficiary; that said policy was delivered by the insured to Inez C. Wilcox, his mother, with the intent and purpose of the insured that the policy should belong to, and be the property of, the said mother, and the possession of such policy was retained by her until shortly before February 1, 1906, when she, believing from the statements of plaintiff that plaintiff and the insured had intermarried, at the request of the insured, delivered the policy to him; that on the 1st of February, 1906, the insured requested in writing of the insurer that the beneficiary named in the policy be changed from Inez C. Wilcox, mother, to

Carrie M. Wilcox, wife, and on the day following the insurer indorsed upon the policy the following: "Carrie M. Wilcox, Wife, is hereby made the beneficiary under the within policy in the place and stead of Inez C. Wilcox, Mother, named herein, such change being made at the request of Jesse Manley Wilcox, holder of this policy. Dated February 1st, 1906." That on the 19th of February following the insured died, and due proof of his death was made. The court further finds that when said request for a change of beneficiary was made by the insured, and when the indorsement on such policy was made by the insurer, there was no such person as Carrie M. Wilcox, wife of said Jesse Manley Wilcox, and there never was such a person as Carrie M. Wilcox, wife of said Jesse Manley Wilcox, and that said Jesse Manley Wilcox died single and unmarried. The court further finds that the insured did not request the insurer to make the plaintiff, Carrie M. Waring, the beneficiary thereof, and that Carrie M. Waring did not give any consideration to said Jesse Manley Wilcox to have herself named as beneficiary, and that Inez C. Wilcox never consented that plaintiff be named as beneficiary in her place and stead; that when said Inez C. Wilcox handed over the policy to the insured, he at the time was living in illicit relations with plaintiff, of which fact the mother was in ignorance, and such surrender of the policy by the mother was based solely upon her belief that her son was married to plaintiff.

While there is no finding upon the question, there is an averment in both complaint and answer that Carrie M. Waring was sometimes known as Carrie M. Wilcox; and it further appears that plaintiff was in possession of the policy at the time of the death of the insured.

Upon these findings the court rendered its judgment in favor of Inez C. Wilcox, the mother, and awarded to her the fund in controversy. We are of opinion that there is no evidence to support the finding that the insured did not request the insurer to make the plaintiff, Carrie M. Waring, the beneficiary of said policy.

There is no room for controversy as to the identity of the person whom Jesse Manley Wilcox intended to be the substituted beneficiary. The averment in the answer that plaintiff was known as Carrie M. Wilcox, the undisputed fact that

it was through her insistence that the insured procured the policy from the mother, and her possession of the policy after his death, all point with certainty to the fact that the insured intended that plaintiff should be the beneficiary under the policy. The intention of the insured, then, being ascertained, it is the duty of the court to give that intention effect, provided it does not contravene public policy or any statute. (*Bogart* v. *Thompson*, 53 N. Y. Supp. 623, [24 Misc. Rep. 581].) It is regrettable that a son should so far forget the duty he owes to the mother who bore him that he should become willing to divert a fund intended for her support to the use of a mistress, who could but dishonor him, yet the right to manage and control his own confers upon him absolute dominion over his property, and even confers upon him the right to perform this unfilial act. The old rule once obtaining, that the beneficiary named in a policy must consent to a change in order that another beneficiary be substituted, applied only where the right of substitution was not reserved in the contract evidenced by the policy. It is now established that where the contract so provides, the beneficiary may be changed at the instance of the insured, and that no vested right exists in the beneficiary, in the absence of any facts or circumstances tending to establish an equitable interest in the proceeds of the policy. "The beneficiary's interest is the mere expectancy of an incompleted gift which is revocable at the will of the insured, and which does not and cannot become vested as a right until fixed by his death. . . . One cannot be defrauded of that in which he has no vested right. A vested right is property which the law protects, while a mere expectancy is not property, and therefore is not protected." (*Hoeft* v. *Supreme Lodge, K. of H.*, 113 Cal. 96, [45 Pac. 185].) It follows from this that the false representations as to the relationship between the parties, made to the mother, and her belief therein, are of no consequence in determining the rights of the substituted beneficiary. Nor can we attach any importance to a finding that the policy was delivered with the intent that it should become the property of the original beneficiary. For it contained the reserved right of substitution and vested no right other than one to receive the benefit in the event the insured did not elect before his death to change the beneficiary. "It

was a part of the contract, as entered into in the beginning, that the assured, of his own free, unrestrained will, might at any time make the substitution he desired." (*Bowman* v. *Moore*, 87 Cal. 311, [25 Pac. 409].) The same may be said with reference to the fraud practiced upon the insurance company in the false representation as to the marital relation; for, whatever may have been the effect of such statements as affecting the rights of the insurer, it is not complaining. (*Woodmen of the World* v. *Rutledge*, 133 Cal. 640, [65 Pac. 1105].)

There is nothing in this record indicating that the change in the beneficiary was induced or procured through any promise to continue illicit relations. Were such fact, however, to be assumed from the relations existing at the time of the surrender of the policy and the continuance thereof until death, such fact would not make void a gift by the insured the right to which became vested at his death. We are not confronted with a question of the enforcement of a contract based upon a void consideration, for no consideration is requisite in support of a beneficiary's right. When the death of the insured intervened, the gift to plaintiff became complete, and her right to the money covered by the policy became vested. This money was in the treasury of the court, paid therein by the insurer, who disclaimed any interest. No other litigant showed any right to the fund, and it was the duty of the trial court to direct its payment to the person to whom the insured intended it to be paid in the event of his death. As we have before said, that person was clearly the plaintiff in this action. Judgment should have been rendered accordingly.

Judgment and order reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1908.