[Civ. No. 1522. Second Appellate District.—September 5, 1914]

NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant, v. SARAH M. DALEY, Respondent.

LIFE INSURANCE—PREMIUM NOTE—EXECUTION BY AGENT OF BENEFICIARY —LIABILITY OF BENEFICIARY.—The beneficiary in a life insurance policy, who is not shown to have a vested interest therein, is not liable on a promissory note given for the premium by her agent under a general power of attorney restricting his authority to such acts as are for her "use and benefit."

ID.—INTEREST OF BENEFICIARY IN INSURANCE—WHEN NOT VESTED.— Where a policy of life insurance reserves to the insured the right to change the beneficiary upon written request therefor, the interest of the designated beneficiary prior to the death of the insured is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.

ID.—POWER OF ATTORNEY—RULES OF INTERPRETATION.—A formal instrument conferring authority to bind another must be construed strictly in accordance with the plain import of the language of the document, and its interpretation cannot be extended by implication so as to authorize acts beyond those specified, unless absolutely necessary to carry out the powers expressly delegated.

ID.—GRANTING NONSUIT—NECESSITY OF FINDINGS.—Where the record discloses the grounds upon which a motion for nonsuit is based, and the motion is properly granted, findings of fact are not necessary.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

A. C. Mouser, for Appellant.

Sam Ferry Smith, for Respondent.

SHAW, J.—This is an appeal from a judgment of dismissal of an action upon granting defendant's motion for a nonsuit.

The action is one to recover payment upon a promissory note alleged to have been made and delivered to plaintiff by defendant.   It appears that in 1894 plaintiff issued to T. J. Daley, husband of defendant, a policy of life insurance wherein defendant was named as beneficiary, payment of the premium upon which was made by a promissory note in the sum of $437, signed by T. J. Daley and Sarah M. Daley, the defendant, by T. J. Daley, her attorney in fact.   Shortly after the execution of this note the insurance policy was canceled.   Upon default being made in the payment of the note, the same was renewed, the renewal note being likewise signed by defendant through T. J. Daley as her attorney in fact. The subject of this suit is a note thus given in renewal as evidence of the indebtedness.

No question of estoppel or ratification is involved for the reason that it appears defendant had no knowledge or notice of the giving of the original note or any of the several notes given in renewal thereof.   Nor does it appear that she had any vested interest in the policy of insurance issued upon the life of T. J. Daley.   It does appear, however, that during the period extending from the time of the making and delivery of the note sued upon, T. J. Daley held a general power of attorney executed by defendant.   This instrument reads:

"I, Sarah M. Daley, . . . do make, constitute and appoint T. J. Daley . . . my true and lawful attorney for me and in my name, place and stead, and for my use and benefit, to ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, account, legacies, bequests, interests, divi-

dends, annuities and demands whatsoever, as are now or shall hereafter become due, owing, payable or belonging to me and have, use, and take all lawful ways and means in my name or otherwise for the recovery thereof by attachments, arrests, distress or otherwise, and to compromise and agree for the same and acquittances or other sufficient discharges for the same, for me and in my name, to make, seal and deliver, to bargain, contract, agree for, purchase, receive and take lands, tenements, hereditaments, and accept the seizen and possession of all lands, and all deeds and other assurances, in the law therefor, and to lease, let, demise, bargain, sell, remise, release, convey, mortgage and hypothecate, lands, tenements and hereditaments, upon such terms and conditions and under such covenants as he shall think fit. Also to bargain and agree for, buy, sell, mortgage, hypothecate and in any and every way and manner deal in and with goods, wares and merchandise, choses in action, and other property in possession or in action, and to make, do and transact all and every kind of business of what nature and kind soever, and also for me and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter parties, bills of lading, bills, bonds, notes, receipts, evidence of debt, releases and satisfaction of mortgage, judgments and other debts and such other instruments in writing of whatsoever kind and nature as may be necessary or proper in the premises.''

Since, in the performance of all the acts specified, the power conferred is in express terms restricted to those acts only which were for defendant's ''use and benefit,'' it is impossible in any event to perceive how she could be held liable in the absence of a showing of such fact. We cannot assume by reason of defendant being named as beneficiary in the policy, that she had a vested interest therein. Indeed, in the absence of a showing to the contrary (and there is none), we must, under the rule that every presumption is in favor of the regularity of the judgment, assume that the insured reserved the right of revocation and change as to the beneficiary so named. ''Where a policy of life insurance reserves to the insured the right to change the beneficiary, upon written request therefor, the interest of the designated beneficiary

prior to the death of the insured is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.'' (*McEwen* v. *New York Life Ins. Co.,* 23 Cal. App. 694, [139 Pac. 242], and cases therein cited.) This being true, it cannot be said the giving of the note purporting to obligate defendant was for her use and benefit. Moreover, the rule is that formal instruments conferring authority to bind another must be construed strictly in accordance with the plain import of the language of the document, and its interpretation cannot be extended by implication so as to authorize acts beyond those specified, unless absolutely necessary to carry out the powers expressly delegated. (*Harris* v. *Johnston,* 54 Minn. 182, [40 Am. St. Rep. 312, 55 N. W. 970]; *Johnson* v. *Wright,* 6 Cal. 373; *Golinsky* v. *Allison,* 114 Cal. 458, [46 Pac. 295]; *Penfold* v. *Warner,* 96 Mich. 179, [35 Am. St. Rep. 591, 55 N. W. 680]; *Skirvin* v. *O'Brien,* 43 Tex. Civ. App. 1, [95 S. W. 696].) Aside from the fact that the act of T. J. Daley in signing the note was not for the use and benefit of defendant, it clearly appears from an examination of the instrument that it did not purport to confer upon him, as such attorney in fact, power to execute in defendant's name the note to plaintiff in payment of the premium due upon a policy of insurance issued upon the life of Daley.

The record discloses the grounds upon which the motion for nonsuit was based, and since the motion was properly granted, findings of fact were unnecessary. (*Toulouse* v. *Pare,* 103 Cal. 251, [37 Pac. 146]; *Reynolds* v. *Brumagim,* 54 Cal. 254.)

Judgment affirmed.

Conrey, P. J., and James, J., concurred

A petition for a rehearing of this cause was denied by the district court of appeal on October 5, 1914.