[Civ. No. 3066. First Appellate District, Division One.—October 25, 1919.]

MARIA DA GLORIA BARBOZA, Appellant, v. CON- SELHO SUPREMO DA IRMANDADE DO DIVINO ESPIRITO SANTO DO ESTADO DA CALIFORNIA (a Corporation), Defendant; AMELIA FARIA et al., Respondents.

[1] MUTUAL BENEFIT SOCIETY—CHANGE OF BENEFICIARY—COMPLIANCE WITH LAWS.—Where the by-laws or constitution of a mutual bene- fit society provide a method for making a change of beneficiary, a member in making a change must follow substantially the method prescribed; and he may change his beneficiary and name a new beneficiary whenever and as often as he pleases, provided he follows the steps required by the society's rules on the subject.

[2] ID.—EXCEPTIONS TO RULE.—The rule that a member of a mutual benefit society must follow substantially the method prescribed in the by-laws or constitution in order to make a change of benefi- ciary has three recognized exceptions, namely: (1) If the society has waived a strict compliance with its own rules, and in pursuance of a request of an insured to change his beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course laid down in the society's rules was not pursued; (2) If it is beyond the power of the insured to comply literally with the regulations, a competent court will treat the change as having been legally made; (3) If the insured has pursued the course pointed out by the laws of the association, and has thus done everything devolving upon him to change the bene- ficiary, but before the new certificate issues he dies, a court of equity will decree that to be done which ought to have been done, and act as though the certificate had been issued.

[3] ID.—LOSS OF POLICY—NONCOMPLIANCE WITH LAWS.—Where the laws of a mutual benefit society provide that a member may change beneficiaries "by making the change on the back of the policy or a duplicate thereof," and if the policy has been lost or destroyed, in order to obtain a duplicate he must make an affidavit for that purpose, and that before a duplicate policy can be issued the su- preme directors "must give their permission and approval to the supreme secretary to issue a duplicate policy," and further provide that when the change of beneficiaries has been properly indorsed upon the back of the original policy the same must be filed with a designated body for approval or rejection, the filing of an affi- davit showing the loss of the original policy and the making of

an order that a duplicate issue does not constitute sufficient compliance with the laws of the society to entitle the desired changed beneficiary to recover the amount of the policy.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Leonard Rose for Appellant.

Rose & Silverstein for Respondents.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of the interpleading defendants for the amount of a policy of fraternal insurance.

The plaintiff is the surviving wife of Augusto J. Barboza, who died in the month of November, 1916, and the respondents are his three children, issue of a former marriage. In the year 1905 Barboza became a member of the fraternal society named in the title to this action, and there was issued to him at that time a policy or certificate in which the respondents were named as beneficiaries. In the month of October, 1916, he was ill and had been so for some time, and desiring to change the beneficiaries named in said certificate, which he had lost, he set about having issued to him a duplicate thereof, the immediate purpose of obtaining said duplicate being that he might indorse thereon the desired change, such indorsement being the first step prescribed by the rules of the society to be taken in making the change. In order to obtain this duplicate certificate he made and signed an affidavit upon the regular form provided by the society, but failed to fill in its blank spaces correctly. Instead of stating therein that his certificate was lost, and that therefore he desired to obtain a new one, he stated as a reason for making the affidavit that he desired to transfer the certificate to his wife. The secretary of the society returned this affidavit to Barboza as insufficient, stating with reference thereto "He cannot change the beneficiaries in this document." He then made a second affidavit, which was accepted by the secretary and presented to the supreme directors, who met on November 13, 1916, in regular session. The deceased died on the same day, and notice of his death was given to the supreme

directors while in session. After receiving such notice the
supreme directors approved the second affidavit and ordered
that a duplicate certificate issue "to the within member
applying for the same." The laws of the society provided
that a member may change beneficiaries "by making the
change on the back of the policy or a duplicate thereof,"
and that if the policy has been lost or destroyed, in order
to obtain a duplicate he must make an affidavit for that
purpose, and that before a duplicate policy can be issued
the supreme directors "must give their permission and ap-
proval to the supreme secretary before the issuance of said
duplicate policy, and direct said supreme secretary to
issue a duplicate policy." The rules further provide that
when the change of beneficiary has been properly indorsed
upon the back of the original or duplicate policy, the same
must be filed with a designated body for approval or re-
jection.

[1] It is settled law that where the by-laws or constitu-
tion of a mutual benefit society provide a method of making
a change of beneficiary, a member in making a change
must follow substantially the method prescribed (*Mc-
Laughlin* v. *McLaughlin*, 104 Cal. 171, [43 Am. St. Rep.
83, 37 Pac. 865]). A member may change his beneficiary
and name a new beneficiary whenever and as often as
he pleases, provided he follows the steps required by the
society's rules on the subject. [2] To this rule of law
there are three recognized exceptions, namely: (1) If the
society has waived a strict compliance with its own rules,
and in pursuance of a request of an insured to change his
beneficiary, has issued a new certificate to him, the original
beneficiary will not be heard to complain that the course
laid down in the society's rules was not pursued; (2) If it
is beyond the power of the insured to comply literally with
the regulations, a competent court will treat the change as
having been legally made. Thus when a certificate is lost,
or when it is in the possession of a beneficiary who will
not surrender it, and it is therefore impossible for the
member to comply with the rule, equity will enforce the
change; (3) If the insured has pursued the course pointed
out by the laws of the association, and has thus done every-
thing devolving upon him to change the beneficiary, but
before the new certificate issues he dies, a court of equity

will decree that to be done which ought to have been done, and act as though the certificate had been issued (*Supreme Lodge* v. *Price*, 26 Cal. App. 607, 617, [150 Pac. 803]).

[3] In the case at bar the deceased had been married to the appellant for over a year and a half, during which time he had done nothing to effect a change of beneficiary until his last illness and just before his death, when he filed the affidavits already referred to. The second affidavit being sufficient he became entitled to have issued to him a duplicate policy, upon which when received he could, if so minded at that time, have indorsed the desired change of beneficiary, and sent it to the supreme directors of the society for their action. But he undertook these necessary steps too late. Nothing in the record, we think, brings the case within any of the exceptions. It does not fall within the first of those heretofore enumerated, for the reason that there was no waiver by the society of compliance with its rules; nor within the second, for beyond evincing an intention to make the change he had done nothing except the preliminary step of setting in motion the machinery to obtain a duplicate of his policy, upon the receipt of which it still would have been optional with him to take or not the first step in the procedure prescribed for making the change, namely, indorsement on the policy of the new beneficiary. Nor does the case fall within the third exception to the general rule referred to, for the simple reason that the deceased had not done all the things required of him under the policy, leaving only ministerial acts to be done by the society. There is a wide distinction between a member doing all that he can up to the time of his death, and doing all the things required of him by the by-laws of the society. The author of Bacon on Benefit Societies, at section 48, says: "Much, however, depends upon the conditions expressed in the by-laws. . . . The general rule is that if the member does all in his power, that is, does all things required of him under the contract to effectuate the change, it will be held complete although the new certificate has not in fact been issued."

It follows from what we have said that the judgment should be affirmed, and it is so ordered.

Beasly, P. J., *pro tem.*, and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1919.

All the Justices concurred, except Melvin, J., who was absent.