[Civ. No. 3240. First Appellate District. Division One.—February 19, 1920.]

NEW YORK LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. LILIAN S. DUNN, Appellant; MAY CLINE SMITH, Respondent.

[1] LIFE INSURANCE—CHANGE OF BENEFICIARY—RIGHT OF ORIGINAL BENEFICIARY TO ATTACK—FRAUD AND UNDUE INFLUENCE.—Where the insured named in a policy of life insurance has the right to change the beneficiary named in the policy, the latter, in the absence of any contract with the insured, or any special equities depriving the insured of the right to make such change, has no vested rights in the policy, but, at most, only the mere expectancy of an incompleted gift, revocable at the will of the insured, and, therefore, is without right to attack the validity of a change of beneficiary on the ground that it was procured through fraud and undue influence by the changed beneficiary.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. G. Allen, Elvon Musick and Theodore Church for Appellant.

Milton W. Webster, Leonard L. Riccardi and Goodwin & Morgrage for Respondent.

WASTE, P. J.—The plaintiff, New York Life Insurance Company, brought this action in interpleader to compel the defendants to litigate among themselves their various claims to the proceeds of an insurance policy, upon the life of John T. Dunn. Judgment was in favor of cross-complainant and respondent, May Cline Smith. Lilian S. Dunn, also a cross-complainant, appeals.

It appears that John T. Dunn, on December 13, 1906, took out a life insurance policy in the New York Life Insurance

---

1. Liability for inducing change of beneficiary in insurance policy, note, Ann. Cas. 1917A, 473.

Right of original beneficiary in ordinary life insurance policy to insist upon compliance with provisions governing change of beneficiary, note, L. R. A. 1918F, 311.

Company in the sum of ten thousand dollars, naming Lilian S. Dunn, his wife, beneficiary thereunder. Under the terms of the policy Dunn had the right to change the beneficiary named therein. During his lifetime, on or about the twenty-fourth day of March, 1916, Dunn requested the Insurance Company to change the beneficiary named in said policy, and directed that May Cline Smith be named therein to the extent of six thousand five hundred dollars, and Georgie June Dunn, his daughter, to the extent of three thousand five hundred dollars, which changes were made.

Dunn died on the twenty-sixth day of October, 1916. Thereupon, Lilian S. Dunn, the wife, notified the Insurance Company that she was still the beneficiary named in the policy. She claimed there had been no legal, or valid, change therein, and that she was entitled to the proceeds of the insurance. May Cline Smith and Georgie June Dunn also demanded of the company the payment to them of the respective amounts already noted. The Insurance Company then commenced this action in interpleader.

Lilian S. Dunn filed her cross-complaint. She did not plead any contract with her deceased husband, or any special equities which would deprive him of the right to make a commutation of beneficiary in the insurance policy, but stood upon the ground that she might contest because the change was procured by fraud and undue influence. In that behalf she alleged the marriage of herself and Dunn; that up to the time of his death she continued to be his lawful wife, and that the policy of insurance was taken out as a protection, and source of provision for her, in the event of the death of her husband, and for her and such children as might be born to her and her husband; that May Cline Smith, by craftiness, flattery, coaxing, and other overt and sly ways and means, on the part of said May Cline Smith toward John T. Dunn, caused him to neglect his wife and daughter to the extent that said May Cline Smith became the mistress of said John T. Dunn; that she exercised her influence unduly over him to such a degree that, about the middle of March, 1916, he was not capable of acting freely and voluntarily; that, at that time, and because thereof, he attempted to cause the beneficiary named in said policy to be changed; that said act was exercised and induced by the fraud, and undue influence, of said May Cline Smith while she and Dunn were living together in adulterous relationship.

May Cline Smith filed her answer, denying the allegations of the cross-complaint, and prayed that the court decree that she was entitled to six thousand five hundred dollars because of such policy and the assignment.

[1]   At the trial it was admitted by the cross-complainant, Lilian S. Dunn, that her husband was of sound mind at the time of executing the change of beneficiary. She then attempted to introduce evidence upon the issues of fraud and undue influence. The defendant and cross-complainant, May Cline Smith, objected to this testimony upon the ground that, inasmuch as the decedent had the right to change the beneficiary named in the policy, and there not being any contract between the claimant and the decedent, or any special equities depriving the decedent of the right to make such change, any testimony tending to support the allegations of the complaint was inadmissible. The court sustained the objection and subsequently dismissed the cross-complaint. Its action in this regard is the object of attack upon this appeal.

The ruling of the lower court was correct. The precise question we are here considering was the basis of the discussion in *Hoeft* v. *Supreme Lodge, Knights of Honor,* 113 Cal. 91, 96, [33 L. R. A. 174, 45 Pac. 185]. The court there decided that under the state of facts pleaded by the cross-complainant, in the case at bar, and upon which she elected to stand, no cause of action existed in her favor, she having no vested right in the premises, but, at most, only the mere expectancy of an incompleted gift, revocable at the will of the insured. *Waring* v. *Wilcox,* 8 Cal. App. 317, [96 Pac. 910], *New York Life Ins. Co.* v. *Daley,* 25 Cal. App. 376, [143 Pac. 1033], and *Supreme Council American Legion of Honor* v. *Gehrenbeck,* 124 Cal. 43, [56 Pac. 640], are decisions holding to the same effect. Without further citation of authority, suffice it to say that these cases decide every point worthy of consideration in the present appeal.

The judgment is affirmed.

Richards, J., and Gosbey, J., *pro tem.,* concurred.