[Civ. No. 3192.  Third Appellate District.—March 1, 1927.]

## MUTUAL BENEFIT LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. JENNIE E. CLARK, as Executrix, etc., Defendant and Respondent; EVA POWELL, Defendant and Appellant.

[1] GIFTS—ASSERTION OF CLAIM AFTER DEATH OF DONOR.—It is the policy of the law to receive with caution a claim to a gift asserted for the first time after the death of the alleged donor.

[2] ID.—PROCEEDS OF LIFE INSURANCE POLICY—EVIDENCE—BURDEN OF PROOF.—One asserting a claim to the proceeds of a life insurance policy as a gift has the burden of proving every element necessary to establish a completed gift, by clear and convincing evidence, whether it be a gift *inter vivos* or *causa mortis*.

[3] LIFE INSURANCE — ASSIGNMENT OF POLICY — INTENTION OF INSURED—EVIDENCE.—It is the duty of the court to ascertain the intention of the insured in assigning a policy of life insurance and give that intention effect, provided it does not contravene public policy or any statute.

[4] GIFTS—DELIVERY—INTENT—EVIDENCE.—In determining the validity of a gift the intent with which the delivery was made is always an important and essential element to be considered, and unless the donor intends to divest himself completely of control and dominion over the property given, the gift is incomplete and ineffectual and what the intention was is a question of fact to be determined upon the facts and circumstances in the case.

[5] ID.—DELIVERY—INTENTION.—There can be no gift without an intention to give and a delivery, either actual or constructive, of the thing given.

[6] ID.— DISTINCTION BETWEEN GIFTS CAUSA MORTIS AND INTER VIVOS—DELIVERY—REVOCATION.—The only distinction between a gift *causa mortis* and a gift *inter vivos* is that the former, being in its nature testamentary, is subject to the donor's revocation while he lives, but the essential of delivery and the immediate surrender of all dominion and control over the subject of the

---

1.  See 13 Cal. Jur. 46.

2.  See 13 Cal. Jur. 48; 12 R. C. L. 971.

3.  See 12 R. C. L. 943.

4.  Delivery sufficient to support gift, note, 50 Am. Rep. 178. See, also, 12 R. C. L. 932.

6.  Gifts *causa mortis* distinguished from gifts *inter vivos*, note, 99 Am. St. Rep. 894. See, also, 13 Cal. Jur. 35, 45; 12 R. C. L. 931.

gift is as absolutely necessary in the one class of gifts as in the other.

[7] ID.—INCOMPLETE GIFT—DEATH OF DONOR.—Falling short of an unconditional delivery, a gift is incomplete and if the transfer of such dominion and control is postponed until the death of the donor, or to some other future date, it becomes thereby no more than an unexecuted and unenforceable promise to make a future gift.

[8] ID.—ASSIGNMENT OF LIFE INSURANCE POLICY—RESERVATION BY INSURED OF RIGHT TO CANCEL ASSIGNMENT—NOTICE.—Under sections 1146, 1147, and 1148 of the Civil Code relative to gifts, the assignment of a life insurance policy reserving the right in the insured to cancel the assignment without notice to or the consent of the assignee, and effective only in the event the assignee survived the insured, is of no binding force, since it is at most an attempted testamentary disposition of the proceeds of the policy and was not executed under the formalities required by law.

[9] LIFE INSURANCE—ASSIGNMENTS—CHANGE OF BENEFICIARY—CONDITIONS.—An attempted assignment by the insured of a life insurance policy does not work a change of beneficiary, where the policy requirements as to assignments are not complied with.

[10] ID.—CHOSE IN ACTION—ASSIGNMENTS—TRANSFER.—A contract made by the insured for the benefit of the insured is a chose in action and, as such, is capable of being transferred or assigned.

[11] ID.—CHANGE OF BENEFICIARY—INCOMPLETED GIFT—REVOCATION.—The beneficiary of a life insurance policy is not a party to the contract and is not the owner thereof, and where the policy reserves the right in the insured to change the beneficiary, the interest of a designated beneficiary, prior to the death of the insured, is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.

[12] ID. — PROVISIONS OF POLICY — CHANGE OF BENEFICIARY — CONDITIONS.—The insured under a policy of life insurance, requiring that a change of beneficiary be made in a certain way, has no

7. Retention or resumption of possession as affecting gift, note, 32 L. R. A. (N. S.) 219. Delivery sufficient to support gift, note, 99 Am. St. Rep. 890. See, also, 13 Cal. Jur. 35.

8. See 13 Cal. Jur. 37.

9. Changing designation in benefit certificate otherwise than in prescribed method, note, 15 L. R. A. 350. See, also, 14 R. C. L. 1390.

11. Power of insured to destroy right of beneficiary, note, 49 L. R. A. 737. See, also, 14 Cal. Jur. 583; 14 R. C. L. 1388.

12. Right of one to whom policy of life or benefit insurance was assigned to proceeds where provision as to change of beneficiary was not complied with, note, L. R. A. 1916A, 877.

absolute right to change the beneficiary, such right only being given by the policy itself, and in order to effect such change the insured would have to carry out the provisions of the policy in that regard.

(1, 2) 28 C. J., p. 670, n. 36, p. 676, n. 33, p. 681, n. 94.   (3) 37 C. J., p. 435, n. 21.   (4) 28 C. J., p. 627, n. 34, p. 683, n. 35.   (5) 28 C. J., p. 630, n. 66.   (6) 28 C. J., p. 622, n. 38, p. 634, n. 94.   (7) 28 C. J., p. 630, n. 66.   (8) 28 C. J., p. 659, n. 90.   (9) 37 C. J., p. 586, n. 61.   (10) 37 C. J., p. 422, n. 52.   (11) 37 C. J., p. 579, n. 51. (12) 37 C. J., p. 584, n. 36.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

W. A. Dow for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

PRESTON, J., *pro tem.*—The plaintiff, Mutual Benefit Life Insurance Company, a corporation, brought this action in interpleader to compel the defendants to litigate between themselves their respective claims to the proceeds of a life insurance policy upon the life of William C. Clark, deceased.

The case was tried by the court sitting without a jury and the court decided that the proceeds of said policy belonged to the estate of William C. Clark, and that Eva Powell had no interest therein. From the judgment following this decision Eva Powell prosecutes this appeal.

The material facts are briefly these: William C. Clark was for many years a prominent attorney in Oakland, California; he was never married and resided with his unmarried sister, Jennie E. Clark, who is now the executrix of his will, the principal beneficiary thereunder and the respondent in this action. The appellant, Eva Powell, was a single woman and she and William C. Clark had been friends for a great number of years, having been intimately associated in Sunday-school, church, and other religious work, but she was not related to him in any way. There is also a suggestion in the record of a courtship attempted

to be carried on by Mr. Clark and discouraged by Miss Powell, but no proposal of marriage or engagement is shown by the record. Mr. Clark lived at all times in Oakland, California, and Miss Powell formerly lived in Oakland, or Berkeley, California, but for about four years after the date of the assignment here in question, and up to the time of the death of Mr. Clark, Eva Powell lived in New York and Chicago.

On the 22d of March, 1904, the plaintiff herein, Mutual Benefit Life Insurance Company, issued a policy of insurance upon the life of said William C. Clark in the sum of $5,000, "payable to William C. Clark, his executors, administrators and assigns."

On December 10, 1917, William C. Clark signed in duplicate in the San Francisco office of the insurance company, upon a printed form furnished him by the company, an assignment of the policy to Miss Eva Powell, the appellant herein. Both copies were sent to the home office of the company in Newark, New Jersey. The duplicate was retained by the company at the home office and the original was indorsed as follows: "Received by the Mutual Benefit Life Insurance Company, Newark, New Jersey, Dec. 17, 1917. I. Wm. Johnson, Secretary," and returned to the San Francisco office, and by that office mailed to William C. Clark at Oakland, and the letter of transmittal from the San Francisco office to Mr. Clark stated that the assignment should be attached to the policy for future reference.

William C. Clark died in the city of Oakland on the 20th of September, 1922, leaving a last will and testament, in which he appointed his sister, Jennie E. Clark, executrix thereof, and also made Jennie E. Clark the principal beneficiary thereunder.

This life insurance policy and the original assignment remained in the possession of Mr. Clark until his death and was found after his death by his sister, Jennie E. Clark, in a safe-deposit box in an Oakland bank, and to this policy was attached by a wire clip the assignment above mentioned. There was also found in this safe-deposit box a letter written by William C. Clark and addressed to his sister, Jennie E. Clark, in which he stated that he had assigned the policy to Miss Eva Powell, and that if she did not want to keep it, she could indorse it back to Jennie E. Clark. This

letter was destroyed by Jennie E. Clark and the exact language could not be proven.

The policy was never seen by the appellant; neither did she ever see or hear of the assignment during the lifetime of the insured. No mention of the policy, or the proceeds thereof, was made by William C. Clark in his will; neither did his executrix, Jennie E. Clark, make any mention of this policy, or the proceeds, in the administration of his estate.

There was no consideration of any kind for the assignment, which is the entire basis of appellant's claim.

Under these facts appellant contends that William C. Clark made her a complete and valid gift *inter vivos* of the proceeds of said life insurance policy.

The law has rightly said that a donor must do certain essential things to make a complete and valid gift. Let us, therefore, see what these requirements are, and see if they have been complied with in the case at bar.

[1, 2] The burden of proof in this case is upon the appellant. It is the policy of the law to receive with caution a claim to a gift asserted for the first time after the death of the alleged donor. Therefore, it was incumbent upon the appellant to prove every element necessary to establish a completed gift, by clear and convincing evidence, and this degree of proof is required, whether it be a gift *inter vivos* or *causa mortis*. (*Sullivan* v. *Shea,* 32 Cal. App. 369 [162 Pac. 925]; 28 Cor. Jur. 670; *Freese* v. *Odd Fellows Savings Bank,* 136 Cal. 662 [69 Pac. 493]; *Denigan* v. *Hibernia Sav. & Loan Soc.,* 127 Cal. 137 [59 Pac. 389]; *Humble* v. *Gay,* 168 Cal. 516 [143 Pac. 778].) [3] The rule is also well established that it is the duty of the court to ascertain the intention of the insured and give that intention effect, provided it does not contravene public policy or any statute. (*Waring* v. *Wilcox,* 8 Cal. App. 317 [96 Pac. 910]; *Bogart* v. *Thompson,* 24 Misc. Rep. 581 [53 N. Y. Supp. 623]; *Union Mutual Life Ins. Co.* v. *Broderick et al.,* 196 Cal. 497 [238 Pac. 1034].) [4] It is also a settled rule that in determining the validity of a gift, the intent with which the delivery is made is always an important and essential element to be considered. Unless the donor intends to divest himself completely of control and dominion over the property given, the gift is incomplete and ineffec-

tual, and what the intention was is a question of fact to be determined by the trial court upon the facts and circumstances in the case. (*Estate of Hall*, 154 Cal. 527 [98 Pac. 269]; *Union Mutual Life Ins. Co.* v. *Broderick, supra.*)

Section 1146 of the Civil Code defines a gift as a transfer of personal property, made voluntarily, and without consideration. Section 1147 of the same code provides that a verbal gift is not valid unless the means of obtaining possession and control of the thing are given; nor, if it is capable of delivery, unless there is an actual or symbolical delivery of the thing to the donee. Section 1148 of the same code provides that a gift, other than a gift in view of death, cannot be revoked by the giver.

*The delivery must be absolute and this is true whether a gift be inter vivos or causa mortis; that is to say, the donor must not only part with the possession of the property intended as a gift, but must relinquish to the donee all dominion and control over it.* (14 Am. & Eng. Ency. of Law, 1019; *Knight* v. *Tripp*, 121 Cal. 674 [54 Pac. 267]; *Beebe* v. *Coffin*, 153 Cal. 174 [94 Pac. 776]; *Noble* v. *Garden*, 146 Cal. 225 [2 Ann. Cas. 1001, 79 Pac. 883]; *Collins* v. *Maude*, 144 Cal. 289 [77 Pac. 945]; *Pullen* v. *Placer Co. Bank*, 138 Cal. 169 [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83].)

[5] It is not contended by the appellant that the alleged gift in question was made by William C. Clark in contemplation of impending death; therefore, the question of a gift *causa mortis* is not here involved, but only a gift *inter vivos*. This admission on the part of the appellant does not, however, change or alter the necessary requirements to render a gift complete. There can be no gift without an intention to give and a delivery, either actual or constructive, of the thing given. (*Knight* v. *Tripp, supra.*) There must be both a purpose to give and the execution of this purpose. The purpose must be expressed, either orally or in writing, and it must be executed by the actual delivery to the donee of the thing given, or of the means of getting possession and enjoyment thereof. It is the fact of delivery that converts the unexecuted and revocable purpose into an executed and complete gift. (*Collins* v. *Maude, supra.*)

[6] The only distinction between a gift *causa mortis* and a gift *inter vivos* is that the former, being in its nature testamentary, is subject to the donor's revocation while he lives. The essential of delivery and the immediate surrender of all dominion and control over the subject of the gift is as absolutely necessary in the one class of gifts as in the other. [7] Falling short of such unconditional delivery, a gift is incomplete. If, however, the transfer of such dominion and control is postponed until the death of the donor, or to some other future date, it becomes thereby no more than an unexecuted and unenforceable promise to make a future gift. (*Hibberd* v. *Smith*, 67 Cal. 547 [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Daniel* v. *Smith*, 64 Cal. 346 [30 Pac. 575]; *Zeller* v. *Jordan*, 105 Cal. 143 [38 Pac. 340]; *Hart* v. *Ketchum*, 121 Cal. 426 [53 Pac. 931]; *Pullen* v. *Placer Co. Bank, supra; Beebe* v. *Coffin, supra; Basket* v. *Hassell*, 107 U. S. 602 [27 L. Ed. 500, 2 Sup. Ct. Rep. 415, see, also, Rose's U. S. Notes]; *Collins* v. *Maude, supra; Adams* v. *Merced Stone Co.*, 176 Cal. 415 [3 A. L. R. 928, 178 Pac. 498].)

In the case of *Pullen* v. *Placer Co. Bank*, above cited, it was said: "A gift vests the donee with the absolute property in the thing given, and it is no longer subject to the control of the donor. *If, on the other hand, the thing given remains under the control of the donor, or . . . is subject to his revocation, his gift is not complete.*"

The assignment in question is, in part, as follows: "For value received, I do hereby assign, transfer and set over unto Eva Powell, whose Post Office address is 2703 Dwight Way, Berkeley, California, the above named policy of insurance, and all sum or sums of money, interest, benefit and advantage whatsoever, now due or hereafter to arise, or to be had or made by virtue thereof; to have and to hold unto the said Eva Powell in case *she survives me, otherwise this assignment to be void. I hereby reserve the right to cancel this assignment without notice to or consent of the assignee.*"

[8] Therefore, conceding, but not deciding, that the sending to the home office of both copies of the assignment was a sufficient delivery, nevertheless, measured by the foregoing indisputable standards, the conclusion seems irresistible that the attempted gift from William C. Clark to

appellant, Eva Powell, fell short of completion. It was the intention of the insured, manifested by the assignment, that it was to be effective only in the event that appellant should survive the insured, and then only in the event the insured did not exercise the reserved right of revocation. The assignment was not absolute or irrevocable in any respect; it was, at most, an attempted testamentary disposition of the proceeds of a life insurance policy and, not being executed with the formalities required by law, is of no binding force, and appellant can predicate no action thereon.

[9] There is no merit in the contention of appellant that the assignment worked only a change of the beneficiary. The policy in question gave to the insured the right to make an assignment and also the right to change the beneficiary. In order to change the beneficiary it was incumbent upon William C. Clark to do something essentially different from what he did; for the policy provides: ''The insured will be entitled at any time while this policy is in force and not assigned, upon return of the policy to Newark with the insured's written request for the appropriate indorsement of the policy by the company, to have the beneficiary changed.'' Thus, it will be seen that the policy itself provides that in order to have the beneficiary changed, it was necessary first that *no assignment be made;* that the policy be returned to the home office; that the insured, in writing, request that the beneficiary be changed, and that the appropriate indorsement be made upon the policy showing the change of beneficiary.

[10] When a person places insurance upon his own life he is the owner of the policy, and when the policy is made payable to the insured, or to his estate, as is the case with the policy under consideration, it is undoubtedly a contract made by the insured with the insurance company for the benefit of the insured and, as such, is a chose in action and is capable of being transferred or assigned. If the insured assigns such a policy he thereby ceases to be a party to the contract of insurance and his assignee becomes the owner and takes the place of the insured in the contract of insurance.

[11] Where the policy of insurance names a third person as beneficiary, the policy is then a contract made for the benefit of a third person and the third person is called

the "beneficiary." The beneficiary is not a party to the contract and is not the owner thereof, and where a policy of insurance reserves to the insured the right to change the beneficiary, the interest of a designated beneficiary, prior to the death of the insured, is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured. (*Waring* v. *Wilcox, supra; Hoeft* v. *Supreme Lodge, etc.,* 113 Cal. 91 [33 L. R. A. 174, 45 Pac. 185]; *New York Life Ins. Co.* v. *Daley,* 25 Cal. App. 376 [143 Pac. 1033]; *Supreme Council, etc.,* v. *Gehrenbeck,* 124 Cal. 43 [56 Pac. 640]; *New York Life Ins. Co.* v. *Dunn,* 46 Cal. App. 203 [188 Pac. 1028]; *McEwen* v. *New York Life Ins. Co.,* 23 Cal. App. 694 [139 Pac. 242]; *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61]; *Hopkins* v. *North Western Life Assur. Co.,* 99 Fed. 199.)

Therefore, there is a vast difference between the assignee of the insured and a mere beneficiary in a life insurance policy. The rights of the owner of a policy and those of a beneficiary are essentially different. An examination of the policy here in question clearly shows this to be true. The policy provides that the owner shall have the following rights: (a) To surrender the policy for its cash or surrender value; (b) To surrender the policy for a paid-up policy; (c) To have the policy automatically extended from the date of default of premiums; (d) To borrow upon the policy up to the full surrender value; (e) To have the beneficiary changed; (f) To control the method of payment to the beneficiary; (g) To receive all dividends earned or to use them to apply on the premiums or to purchase additional insurance; (h) To change the policy into an endowment policy.

None of these rights is given to the beneficiary; they are matters with which the beneficiary, for whose benefit the policy may be written, has nothing to do, but all these rights go to the assignee of the policy, because the assignee becomes the owner of the policy and takes the place of the insured therein.

[12] As we have already stated, the policy provided how the beneficiary may be changed and these requirements of the policy were not waived in this case, for the plaintiff alleged in its complaint in interpleader, "that the beneficiary of said policy has never been changed." William C.

Clark had no absolute right to change the beneficiary, but was only given such right by the policy itself, and in order to change the beneficiary he would have to carry out the provisions of the policy in that regard, which he did not do.  (*McLaughlin* v. *McLaughlin,* 104 Cal. 171 [43 Am. St. Rep. 83, 37 Pac. 865]; *Yore* v. *Booth,* 110 Cal. 238 [52 Am. St. Rep. 81, 42 Pac. 808]; *Barboza* v. *Conselho,* 43 Cal. App. 775 [185 Pac. 1028].)

Moreover, the pleadings were drawn and the case was tried upon the theory that there was an assignment and not a change of the beneficiary.  In the appellant's answer she alleged that she was the owner of the proceeds of the policy by virtue of an assignment, and her proof of death of William C. Clark was made upon the ground that she was an assignee of the proceeds of the policy.  Therefore, an incomplete assignment could not be used to effect a change of beneficiary, and did not comply with the terms of the policy as to change of beneficiary.

We conclude, therefore, that under circumstances thus shown, the findings of the court against the completeness of the attempted gift may not be disturbed, and that the judgment should be, and it is hereby, affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1927.