[Civ. No. 6149. First Appellate District, Division Two.—March 24, 1928.]

DAISY C. BLACKBURN, Appellant, v. MERCHANTS LIFE INSURANCE COMPANY, BURLINGTON, IOWA, Respondent.

Norman T. Mason for Appellant.

Lawler & Degnan for Respondent.

NOURSE, J.—Plaintiff sued upon a policy of life insurance issued by the defendant upon the life of John A. Blackburn, who was the husband of the plaintiff at the time the policy was issued. Defendant had judgment, from which the plaintiff has appealed on a typewritten record.

The policy, which was issued August 2, 1916, at Burlington, Iowa, while the parties were living together as husband and wife in the state of Kansas, named the wife as beneficiary. Subsequent to their divorce in 1921, the insured attempted to change the beneficiary to his estate, and thereafter accepted the privileges of the policy and received the sum of $186 on June 30, 1922, which was the cash surrender value at the time. Prior to this adjustment, and for more than a year preceding it, correspondence was had between the company and the insured, who was living in Texas, and between the company and the plaintiff herein, who resided

in California, in which the insured demanded a change of the beneficiary, and the plaintiff sought information as to the right of the insured to make this change and also as to her rights to collect the cash value of the policy. The company informed the plaintiff that the insured might change the beneficiary whenever he desired and that he alone could borrow on the security and collect the surrender value.

The cause was tried before the court sitting without a jury. The trial court found that the plaintiff was never at any time the owner of the policy; that it was duly canceled in June, 1922, when the insured was paid the full cash surrender value; that plaintiff knew, in 1921, that the insured claimed the right to change the beneficiary and to cancel the policy and that he had requested the company to make these changes; that the insured died in September, 1924; and that plaintiff was estopped by her laches from claiming any right under the policy.

On this appeal the appellant attacks the finding that she was not the donee of the policy. The argument is that as the appellant testified that shortly after the policy was issued the insured handed it to her with the words: "This is yours," and as she put the policy in a tin box in which she kept her personal belongings and had it ever since, and as this testimony was not directly controverted, the trial court should have found that an irrevocable gift had been made. The question whether a gift was made was a mixed question of law and fact the determination of which depended not only upon evidence of the delivery of the policy but upon the presence of all the elements necessary to make a valid gift. Thus it was the duty of the trial court to ascertain the intention of the insured from all the facts and circumstances of the case. (*Estate of Hall,* 154 Cal. 527, 532 [98 Pac. 269]; *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 503 [238 Pac. 1034].)

The burden of proof was on the appellant and it was necessary for her to establish a completed gift by clear and convincing evidence. (*Mutual Benefit Life Ins. Co.* v. *Clark,* 81 Cal. App. 546 [254 Pac. 306].) It was said in the latter case: "The delivery must be absolute and this is true whether a gift be *inter vivos* or *causa mortis;* that is to say, the donor must not only part with the possession of the property intended as a gift, but must relinquish to

the donee all dominion and control over it. . . . If, however, the transfer of such dominion and control is postponed until the death of the donor, or to some other future date, it becomes thereby no more than an unexecuted and unenforceable promise to make a future gift.''

In the policy in issue the insured reserved to himself the right to surrender the policy for its surrender value, to change it for a paid-up policy, to have it extended for a definite period in case of default in premiums to borrow on its security, and to change the beneficiary. All these reservations were wholly inconsistent with the theory that all dominion and control over the policy had been relinquished by him. This in itself would be sufficient to justify a finding adverse to the appellant upon the claim that she was a donee particularly when the claim was raised for the first time after the death of the insured and was supported by such meager testimony. But, in addition to this, the trial court could draw the inference that no gift was intended from the fact that the insured did not assign the policy to his wife. The policy provided for an assignment which would have transferred to the assignee all the rights of the insured enumerated above and all other benefits under the policy. Under appellant's theory she succeeded to all the rights of the insured when he handed over to her the document, but the contract called for a written assignment with a duplicate to be filed with the company. The failure of the insured to assign the policy to appellant and his reservation of the right to cancel it are inconsistent with the intention to make an absolute gift.

It is plain from an examination of the whole record that appellant was merely a beneficiary and not an owner of the policy and that, as such, her interest in the policy was ''that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.'' (*Mutual Ben. Life Ins. Co.* v. *Clark, supra.*) But a gift, other than a gift in view of death cannot be revoked by the giver. (Sec. 1148, Civ. Code.) Hence the insured, having reserved the right to cancel the policy at any time and take in cash the surrender value, explicitly retained dominion and control over the policy even though the document was out of his possession. As this right of surrender was not dependent upon the consent of the beneficiary, the respondent was

relieved from all liability under the policy when it paid the insured the full surrender value when it was canceled.

Our conclusion that appellant had lost all rights to any benefits under the policy before the death of the insured makes it unnecessary to consider any other points raised.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1928.