[Civ. No. 8328. First Appellate District, Division One.—August 23, 1932.]

LOUIS LO PRESTI, Appellant, v. CATHERINE C. MANNING et al., Respondents.

J. Maxwell Peyser for Appellant.

H. A. van der Zee for Respondents.

LAMBERSON, J., *pro tem.*—The action is one to recover proceeds of life insurance policies in the sum of $5,000.

The second amended complaint sets forth two causes of action. In the first it is alleged that the plaintiff was the father of Marion Thomas Lo Presti, who died on May 22, 1930, leaving a widow, the defendant Margaret M. Lo Presti; that the defendant, Catherine C. Manning, is the mother of said Margaret M. Lo Presti; that on the twenty-sixth day of May, 1930, said defendants received the sum of $5,000 from the Equitable Life Assurance Society of the United States, for the use and benefit of plaintiff, who has made demand for the payment of the same to himself, such demand being refused.

The second cause of action repeats the allegations of the first and then alleges in substance that the deceased entered

the employ of the Howard Automobile Company, a corporation, in November, 1923, and thereupon became insured as an employee of said corporation under a form of group insurance; that appellant was named as the beneficiary in the policies or certificates of assurance, and it was agreed between decedent, his employer, and the Equitable Life Assurance Society, that said beneficiary, upon the death of the insured, would receive the sum of $5,000; that thereafter said certificates remained with and were held under the control of the Howard Automobile Company, and were effective only so long as decedent remained in the employ of said corporation, and at no time would the decedent ever have or receive manual possession of said certificates; that at and after the time of the issuance of certificates of assurance, Marion Thomas Lo Presti, by parol gift, transferred and assigned all his right, title and interest in the certificates to plaintiff, who has ever since been the owner thereof; that in December, 1929, the insured became seriously ill and was removed to a hospital; then to the home of defendants, with whom he lived until his death. Then follow allegations of fraud and undue influence, practiced by defendants upon the insured during his illness, by which defendants induced and procured the insured to sign an "Assignment of Beneficiary". Among other matters, the complaint alleges that the policies were at all times, prior to the transfer, in the custody and control of defendant Margaret M. Lo Presti, and on April 4, 1930, she presented the certificates so assigned to the Assurance Society with intent to defraud plaintiff of his rights, and thereafter, on May 26, 1930, received the sum named in the certificates from said society; that had it not been for the false and fraudulent acts, conduct and representations of the defendants, who unduly influenced the mind of the decedent, the beneficiary would not have been changed, and such transfer of the beneficiary was without the consent of plaintiff.

The respondents demurred to the amended complaint upon the ground that neither of the causes of action set forth therein stated a cause of action, and that the allegations of the complaint were uncertain. The court sustained the demurrer with leave to amend. Plaintiff and appellant declined to avail himself of the opportunity to amend, and

from the judgment thereafter entered in favor of defendants has perfected this appeal.

While a life insurance policy may be made the subject of a gift, and the beneficiary to whom the gift has been made may acquire a vested interest therein, such transaction must meet all the requirements of the law in regard to the making of a gift. A verbal gift is not valid unless the means of obtaining possession or control of the thing are given, nor, if it is capable of delivery, unless there is an actual or symbolical delivery of the thing to the donee. (Civ. Code, sec. 1147.) As heretofore indicated, the complaint alleges that the certificates were always with and under the control of the employer of the decedent, and were effective only so long as the decedent remained in such employ; at another place, the complaint alleges that the certificates were at all times prior to the change of beneficiary in the custody and control of the defendant Margaret M. Lo Presti, who presented them to the Assurance Society, presumably for the purpose of having the name of the beneficiary changed.

One seeking to establish the validity of a gift by parol must allege facts, which, if proved, would tend to establish all of the elements of a completed gift, as defined in our codes. It is the policy of the law to receive with caution the claim to a gift asserted for the first time after the death of the alleged donor. It is therefore incumbent upon the donee to establish a completed gift by clear and convincing evidence, whether it be a gift *inter vivos* or *causa mortis*. There can be no gift without an intention to give, and a delivery, either actual or constructive, of the thing given. "There must be both a purpose to give and the execution of this purpose. The purpose must be expressed, either orally or in writing, and it must be executed by the actual delivery to the donee of the thing given, or of the means of getting possession and enjoyment thereof. It is the fact of delivery that converts the unexecuted and revocable purpose into an executed and complete gift." (*Mutual Benefit Life Ins. Co. v. Clark*, 81 Cal. App. 546, 551 [254 Pac. 306, 308].)

The allegations of the complaint do not meet the foregoing requirements. Not only was there not a delivery of the property, actual or symbolical, but the certificates

appear to have remained either in the control of the Howard Automobile Company, or in the control of the defendant Margaret M. Lo Presti, from the date of their issuance until after the death of the assured.

In *Mutual Benefit Life Ins. Co.* v. *Clark, supra,* the court said: ''Where the policy of insurance names a third person as beneficiary, the policy is then a contract made for the benefit of a third person and the third person is called the 'beneficiary'. The beneficiary is not a party to the contract and is not the owner thereof, and where a policy of insurance reserves to the insured the right to change the beneficiary, the interest of a designated beneficiary, prior to the death of the insured, is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured. (*Waring* v. *Wilcox,* [8 Cal. App. 317, 96 Pac. 910], *supra; Hoeft* v. *Supreme Lodge, etc.,* 113 Cal. 91 [33 L. R. A. 174, 45 Pac. 185]; *New York Life Ins. Co.* v. *Daley,* 25 Cal. App. 376 [143 Pac. 1033]; *Supreme Council etc.* v. *Gehrenbeck,* 124 Cal. 43 [56 Pac. 640]; *New York Life Ins. Co.* v. *Dunn,* 46 Cal. App. 203 [188 Pac. 1028]; *McEwen* v. *New York Life Ins. Co.,* 23 Cal. App. 694 [139 Pac. 242]; *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61]; *Hopkins* v. *Northwestern Life Assur. Co.,* 99 Fed. 199 [40 C. C. A. 1].) ''

In the absence of a showing to the contrary, we must, under the rule that every presumption is in favor of the regularity of the judgment, assume that the insured reserved the right of revocation and change as to the beneficiary named. ''Where a policy of life insurance reserves to the insured the right to change the beneficiary, upon written request therefor, the interest of a designated beneficiary prior to the death of the insured is that of a mere expectancy of an incompleted gift, subject to revocation at the will of the insured.'' (*McEwen* v. *New York Life Ins. Co.,* 23 Cal. App. 694, 699 [139 Pac. 242, 244]; *New York Life Ins. Co.* v. *Daley,* 25 Cal. App. 376 [143 Pac. 1033]; *Blethen* v. *Pacific Mut. Life Ins. Co.,* 198 Cal. 91 [243 Pac. 431].)

Probably the most frequently cited case upon this subject in this state is that of *Hoeft* v. *Supreme Lodge, K. of H., etc., supra,* in which the court said: ''The beneficiary's interest is the mere expectancy of an incompleted gift which

is revocable at the will of the insured, and which does not and cannot become vested as a right until fixed by his death. If it is said that a devisee under a will has, during the life of the testator, a like naked expectancy, it may be freely conceded that it is so; but to the heirs and devisees is confirmed a right of action for fraud, etc., by the provisions of the code. Otherwise they, too, would come within the scope of the general principle that a right of action for fraud is personal and untransferable. One cannot be defrauded of that in which he has no vested right. A vested right is property which the law protects, while a mere expectancy is not property, and therefore is not protected."

See, also, *Shoudy* v. *Shoudy*, 55 Cal. App. 447 [203 Pac. 437], in which the policy of insurance was actually delivered to the beneficiary. The policy provided that the assured had the right to change the beneficiary by indorsement. The court held that the testimony fell far short of establishing in the plaintiff such a vested interest as would prevent the exercise by the assured of the right reserved to him in the policy of insurance to change the beneficiary.

We are of the opinion that the foregoing authorities support the judgment of the lower court and that it should be affirmed. It is so ordered.

Knight, Acting P. J., and Cashin, J., concurred.